SAMUEL F. GANTT, ANCILLARY ADMINISTRATOR OF PIERCE BUTLER, DECEASED, v. DONALD CHASE HOBSON, G. S. ADKINS, J. E. BROUSSARD, AND DORIS B. BENTLEY, ADMINISTRATRIX OF THE ESTATE OF GEORGE F. BENTLEY, DECEASED.

(Filed 4 June, 1954.)

**1. Pleadings § 15—**

A demurrer admits the truth of the allegations of fact contained in the pleading and, ordinarily, relevant inferences of fact necessarily deducible therefrom, but does not admit conclusions or inferences of law.

**2. Same—**

Upon demurrer the allegations of the complaint must be liberally construed with a view to substantial justice, giving the pleader the benefit of every reasonable intendment in his favor, and the demurrer should be overruled unless the pleading be fatally defective. G.S. 1-151.

**3. Same—**

The office of a demurrer to a pleading and the office of a demurrer to the evidence are different in purpose and result, and an adjudication of the sufficiency of the allegations upon demurrer to the complaint does not foreclose or circumscribe the consideration of the evidence adduced in support of the allegations.

**4. Automobiles § 8i—**

The driver of a vehicle entering a highway from a filling station or private driveway is under duty to yield the right of way to all vehicles approaching on the highway, and in the discharge of this duty is required to look for vehicles approaching on the highway at a time when this precaution may be effective. G.S. 20-156 (a).

**5. Automobiles § 12a—**

The operator of a motor vehicle should not drive at a speed so slow as to impede the normal and reasonable movement of traffic, except when reduced speed is necessary for safe operation or required by law. G.S. 20-141 (h).

**6. Automobiles § 9b—**

The operator of a truck at nighttime on the public highways of the State is required to have burning on the rear of the vehicle a red light plainly visible under normal atmospheric conditions for a distance of five hundred feet to the rear, and other lights and reflectors required by G.S. 20-129 (d).

**7. Automobiles §§ 8i, 18a, 18d, 18h (4)—Complaint held to allege negligence of demurring defendant which concurred with negligence of codefendant.**

Allegations of the complaint were to the effect that the driver of a truck entered the highway from a filling station on the north side thereof, crossed the westbound traffic lane and entered the eastbound traffic lane, and thereafter drove said truck at a speed not exceeding 10 miles per hour, and did not have lights burning on the rear of the truck as required by G.S. 20-129 (b), although it was after dark, and that the operator of a car in which intestate was riding as a guest, traveling east on the highway, collided with the rear of the unlighted truck, fatally injuring intestate. *Held:* Upon the allegations, the alleged negligence of the driver of the car in driving at such speed that he was unable to stop within the radius of his lights, G.S. 20-141, and failing to keep a proper lookout, did not constitute intervening negligence insulating the alleged negligence of the driver of the truck, and the demurrer of the driver and owner of the truck was properly overruled.

APPEAL by defendants Donald Chase Hobson and G. S. Adkins from *Carr, Judge* Resident of the 10th Judicial District of North Carolina.

Civil action to recover for alleged wrongful death of Pierce Butler as a result of injuries sustained in an automobile collision allegedly caused by the joint and concurrent negligence of defendants, heard upon demurrer to the complaint entered by defendants Donald Chase Hobson and G. S. Adkins.

The amended complaint alleges (1) that Pierce Butler, late of Cook County, State of Illinois, died in the State of North Carolina, and plaintiff Samuel F. Gantt has been duly appointed, and is duly and lawfully acting as ancillary administrator of the estate of Pierce Butler in the State of North Carolina.

(2) That defendant Doris B. Bentley, now resident of Orange County, North Carolina, is administratrix of the estate of George F. Bentley, who died on or about 26 March, 1953, in Alamance County, having been 'duly appointed on 7 April, 1953, by Clerk of Superior Court of Orange County.

(3) That defendants, Donald Chase Hobson and G. S. Adkins, are citizens and residents of Alamance County, North Carolina, and defendant J. E. Broussard is a citizen and resident of New Iberia, Louisiana.

And the amended complaint alleges also substantially these facts and circumstances at the time of and concerning the said collision:

"4. That the plaintiff . . . alleges that the defendant, J. E. Broussard, is and was . . . the owner of the 1952 Pontiac coach driven by George F. Bentley . . . in which Pierce Butler . . . was riding as a passenger, and said George F. Bentley was driving as his agent and within the scope of his agency.

"5. That the plaintiff . . . alleges that the defendant, G. S. Adkins, is and was . . . the owner of the motor vehicle being driven by the defendant, Donald Chase Hobson, in the collision herein described.

"6. That the plaintiff . . . alleges that on or about the 26th day of March 1953, George F. Bentley invited Pierce Butler, who was then living at the University of North Carolina in Chapel Hill, North Carolina, . . . to go with him as his guest to drive from Chapel Hill, North Carolina, to Burlington, North Carolina, and return; that in making this trip, said George F. Bentley was driving a 1952 Pontiac coach owned by his father-in-law, said J. E. Broussard; that on the return trip to Chapel Hill, while said George F. Bentley was driving said Pontiac coach in an easterly direction along U. S. Highway 70 approximately three miles west of Burlington, North Carolina, at approximately 8 :30 P. M. on the 26th day of March, 1953, said Pontiac coach ran with great force and violence into the rear of a 1947 auto car truck also headed in an easterly direction on U. S. Highway 70, and being at said time and place in charge of the defendant, Donald Chase Hobson; that as a result of said collision, said Pierce Butler received serious bodily injuries which resulted in his death on the 28th day of March 1953.

"7. That the plaintiff . . . alleges that at the time and place of the collision hereinabove described, said defendant, Donald Chase Hobson, was driving said automobile and was in charge of said automobile as a servant and agent of the defendant, G. S. Adkins, and within the scope of his employment.

"8. That the defendants, Donald Chase Hobson and G. S. Adkins, were negligent at the time and place of the collision complained of in the following respects:

"(a) The defendant Hobson, acting for and on behalf of the defendant, G. S. Adkins, as aforesaid, drove said auto car truck from a service station on the north side of said U. S. Highway 70 across the north traffic lane of said highway and on to the south traffic lane of said highway, proceeding in an easterly direction, without first ascertaining whether the condition of traffic on said U. S. Highway 70 was such as to permit such entry and crossing of said highway at said time and place and particularly failing to observe the oncoming automobile being driven by the defendant, George F. Bentley, traveling in an easterly direction on the south traffic lane of the said highway, and that such entry and crossing of said highway at such time and place was negligent and careless in that it endangered other vehicles traveling on said highway and, specifically the vehicle being operated by George F. Bentley, and also failed to yield the right of way to said oncoming vehicle in violation of North Carolina General Statutes 20-156 (a).

"(b) After making said turn into U. S. Highway 70, the defendant Hobson thereafter drove said auto car truck at a speed not exceeding ten miles per hour, which speed was one which would impede or block the normal and reasonable movement of traffic, in violation of North Carolina General Statutes, Section 20-141 (h).

"(c) Said defendants, Donald Chase Hobson and G. S. Adkins, operated and caused to be operated said auto car truck on said U. S. Highway 70 immediately prior to and at the time of said collision without having on said truck at the rear thereof a red light plainly visible under normal atmospheric conditions from a distance of 500 feet to the rear of said vehicle and other lights and reflectors required by the laws of the State of North Carolina and, more specifically, by North Carolina General Statutes, Section 20-129 (d) and said defendants operated said auto car truck on the highways of the State of North Carolina at the time and place complained of although the highway was not lighted and the night was dark.

"(9) The defendant, George F. Bentley, was negligent at the time and place of the collision complained of in the following respects:

"(a) He failed to operate the automobile he was driving that night in such manner and at such speed as would enable him to stop within the radius of his lights and as might be necessary to avoid colliding with other vehicles on said highway at said time and place, in violation of the laws of the State of North Carolina in such cases made and provided and, specifically, G.S. 20-141.

"(b) He failed to keep a proper and careful lookout.

"10. That the combined and joint negligence of the defendants as set forth in paragraphs 8 and 9 above was the proximate cause or causes of the collision herein described and of the injuries received by this plaintiff's intestate, Pierce Butler, which injuries resulted in said Pierce Butler's death," all to great damage to his estate.

The defendants, Donald Chase Hobson and G. S. Adkins, demurred "to the amended complaint for that same does not state facts sufficient to constitute a cause of action against them, in that it appears upon the face of the complaint:

"1. That the sole proximate cause of the motor vehicle collision in question was the negligence of the defendants, J. E. Broussard and George F. Bentley, intestate of the defendant Doris B. Bentley, Administratrix.

"2. That if these defendants were guilty of any act of negligence the same was insulated and rendered inoperative by the negligence of the defendant J. E. Broussard and that of George F. Bentley, intestate of the defendant, Doris B. Bentley, Administratrix."

When the cause came on to be heard before Carr, Resident Judge of the Tenth Judicial District, on 12 December, 1953, upon the demurrer filed, and having been heard, after notice, the Judge ordered and adjudged that the demurrer be overruled, and that defendants be allowed 30 days within which to file answer.

The defendants, Donald Chase Hobson and G. S. Adkins, except to the foregoing order, and appeal to Supreme Court, and assign error.

*Edwards, Sanders & Everett for plaintiff, appellee.*

*Cooper, Long, Latham & Cooper and Barnie P. Jones for defendants, appellants.*

WINBORNE, J.  The demurrer of the defendants, the appellants Hobson and Adkins, presents for decision the question as to whether or not the facts alleged in the complaint are sufficient to constitute a cause of action against them.  For the purpose of considering such question, the truth of the allegations contained in the complaint is admitted, and "ordinarily relevant inferences of fact necessarily deducible therefrom are also admitted.  But the principle does not extend to admissions of conclusions or inferences of law," *Stacy, C. J.,* in *Ballinger v. Thomas,* 195 N.C. 517, 142 S.E. 761; *Bumgardner v. Fence Co.,* 236 N.C. 698, 74 S.E. 2d 32; *McLaney v. Motor Freight, Inc.,* 236 N.C. 714, 74 S.E. 2d 36; also *Stribbling v. Lamm,* 239 N.C. 529, 80 S.E. 2d 270, and cases cited.

Too, it is provided by statute, G.S. 1-151, that in the construction of a pleading for the purpose of determining its effect its allegations shall be liberally construed with the view to substantial justice between the parties.  And decisions of this Court interpreting and applying the pro-

visions of this Statute require that every reasonable intendment must be in favor of the pleader. The pleading must be fatally defective before it will be rejected as insufficient. See *Ins. Co. v. McCraw*, 215 N.C. 105, 1 S.E. 2d 369; also *Bumgardner v. Fence Co., supra.*

In the light of the provisions and principles of the statute, as so interpreted and applied, consideration of the facts alleged in the complaint in the instant case, leads this Court to conclude, as did the Judge on hearing below, that the allegations in respect to the defendants, Hobson and Adkins, are not so fatally defective, as a matter of law, as to require the sustaining of the demurrer on the ground upon which it is based. As was said in the *Bumgardner case, supra,* the factual situation may be fully developed upon the trial in Superior Court., Then the court may consider the case in the light of the evidence adduced by the respective parties. And such consideration will not be foreclosed or circumscribed by decision now made on the demurrer. See *Montgomery v. Blades,* 222 N.C. 463, at page 469, 23 S.E. 2d 844; *Lewis v. Shaver,* 236 N.C. 510, 73 S.E. 2d 320, and cases cited.

In the *Lewis case, supra,* in opinion by *Barnhill, J.,* now *C. J.,* it is said that "a demurrer to a complaint, G.S. 1-127, and a demurrer to the evidence, G.S. 1-183, are different in purpose and result. One challenges the sufficiency of the pleadings, the other the sufficiency of the evidence," citing cases.

Nevertheless, it is appropriate to say that appellants in brief filed in this Court present two main topics for consideration: (1) That the facts alleged in the complaint fail to show that the death of plaintiff's intestate, Pierce Butler, resulted from negligence on the part of Hobson; and (2) that the complaint shows on its face that any negligence on the part of Hobson was insulated and rendered inoperative by the intervening negligence of Bentley.

As to the first, it may be noted that the complaint of plaintiff alleges that at the time and place of the collision here involved the defendants Hobson and Adkins were negligent in three aspects as set forth in paragraph 8, subsections (a), (b) and (c).

The first (a) charges that Hobson, acting for and in behalf of Adkins, drove the auto car truck at a time and in a manner violative of the provisions of G.S. 20-156 (a). In this statute it is provided that "the driver of a vehicle entering a public highway from a private road or drive shall yield the right of way to all vehicles approaching on such public highway." And in order to comply with this statute, the driver of such vehicle is required to look for vehicles approaching on such highway, and this "is required to be done at a time when this precaution may be effective," as expressed by *Stacy, C. J.,* in *Harrison v. R. R.,* 194 N.C. 656, 140 S.E. 598, citing cases. See also *Garner v. Pittman and Sipe,* 237

N.C. 328, 75 S.E. 2d 111, a case somewhat similar in factual situation to the one in hand.

However, the *Garner case* came up on appeal from judgment as of non-suit entered at the close of all the evidence. The collision there involved was between an automobile owned and operated by defendant Pittman, in which plaintiff was riding, and an automobile owned and operated by defendant Sipe. The Sipe automobile was traveling east on a street, and in the line and lane of eastbound traffic thereon, and the Pittman car had just emerged from a private driveway located on the north side of the street and was proceeding across the street, turning to left, that is, east, to get into the line and lane of eastbound traffic. And while the factual situation there is not identical to that in present case, the Court discussed the statute and applied the pertinent principles of law. This may be done in instant case when the ultimate facts alleged are developed by evidence at the trial in Superior Court.

The second (b) charges that, after making the turn into the highway, Hobson drove the auto car truck at a speed not exceeding ten miles per hour under existing conditions in violation of G.S. 20-141 (h). This statute provides that no person shall drive a motor vehicle at such slow speed as to impede or block the normal and reasonable movement of traffic, except when reduced speed is necessary for safe operation or in compliance with law.

And the third (c) charges that Hobson operated the auto car truck on a public highway without having on, and at the rear of it, a red light plainly visible under normal atmospheric conditions from a distance of five hundred feet to the rear, and other lights and reflectors required by G.S. 20-129 (d).

These allegations (b) and (c) admit of proof in respect thereto—which when introduced, may be judged in the light of applicable principles of law.

This Court holds that the facts as alleged are not sufficiently definite to point to a single inference in respect to the contention of appellants that defendants Bentley and Broussard were negligent as alleged, and that such negligence insulated any negligence of which the defendants Hobson and Adkins may have been guilty.

This necessitates a trial in Superior Court where the facts may be developed by evidence within the framework of the pleading, and then the evidence considered in the light of applicable principles of law.

Hence the judgment below is

Affirmed.