Geraldine N. **WHITESIDE**, Plaintiff,

v.

John H. **ROOKS** and wife, Geneva Davis Rooks, Defendants and Third Party Plaintiffs,

v.

Cecil **WHITESIDE**, Third Party Defendant.

Civ. No. 1942.

United States District Court W. D. North Carolina, Asheville Division.

Sept. 4, 1961.

Redden, Redden & Redden, Hendersonville, N. C., for plaintiff Geraldine Whiteside and third party defendant, Cecil Whiteside.

Ward & Bennett, Asheville, N. C., for defendants.

WARLICK, Chief Judge.

This action was heard by the Court without a jury and as Rule 52, 28 U.S.C., requires, the following findings and conclusions are made.

In her complaint plaintiff Geraldine N. Whiteside seeks to recover damages which she alleges were caused by the negligence of defendant John H. Rooks, and further that at the time of the accident, John H. Rooks was acting for himself and his co-defendant Geneva Davis Rooks, his wife, in furtherance of a joint venture, as her agent and partner.

The answer of the defendants John H. Rooks and Geneva Davis Rooks denies the existence of the alleged partnership, and also denies negligence on the part of John H. Rooks. By third-party proceedings the defendants, as third party plaintiffs, instituted an action by way of contribution against Cecil Whiteside alleging that the careless and negligent operation of his vehicle was the sole and proximate cause of any injuries sustained by Geraldine N. Whiteside, and in the alternative, the third-party complaint alleges that if John H. Rooks should be found to have been negligent, that such negligence was insulated by the negligence of the third-party defendant. In answer to the third-party complaint, the third-party defendant has denied negligence on his part and set up a cross-action for personal injuries allegedly sustained by him in the collision.

The action arises as a result of a collision which occurred while Geraldine N. Whiteside was riding as a passenger on a motorcycle operated by her husband, Cecil Whiteside, the third-party defendant. The motorcycle collided with the car owned and operated by John H. Rooks, one of the defendants and third-party plaintiffs. Geraldine N. Whiteside sustained serious injuries to her left leg. Thereafter she instituted an action in the Superior Court of Henderson County against John H. and Geneva Davis Rooks. At the same time she obtained a warrant of attachment against the property of the defendants in that court on the ground that they were non-residents of North Carolina, both being legal residents of the State of Florida, and additionally a Notice of Garnishment was served upon the First Union National Bank of Hendersonville. The action was subsequently removed by the defendants to this court by reason of diversity of citizenship and the amount in controversy. 28 U.S.C. § 1441. The answer of the original defendants and third-party proceedings were subsequently filed in this court.

On the afternoon of August 20, 1960, in clear weather and heavy traffic, the motorcycle on which plaintiff was riding was northbound on U. S. 25 toward Asheville just outside the city limits of Hendersonville. Her husband was operating the motorcycle and she was seated directly behind him on what is known as a "Buddy seat", a specially constructed motorcycle seat of one piece which will accommodate both the driver and one passenger. Immediately before the impact the defendant John H. Rooks had completed making purchases at a produce market and was proceeding to enter the highway and cross it to the A & P Food Store directly across said highway. Upon entering the northbound east lane of the highway, the defendant John H. Rooks stopped his car as the Southbound traffic in the west lane was very heavy, prohibiting his immediate crossing. The left front end of the car was slightly across the center line of the highway, and the car, being very close to a 90 degree angle with the center line, blocked the northbound lane in which plaintiff's vehicle was travelling at a rate of 30 to 35 miles per hour. Plaintiff's husband, Cecil Whiteside, operating the motorcycle, applied his brake, blew his horn which operated in conjunction with the brake, and veered sharply to the right in an effort to avoid the Rooks' car, but the motorcycle collided with the left rear bumper and fender, and was thrown approximately eight to ten feet from the car. The motorcycle fell upon the plain-

tiff's left leg severely fracturing the bone and ripping the muscles of her leg below the knee, and the fall caused abrasions on the entire left side of her body. In the fall, Cecil Whiteside also received bruises and lacerations.

■■ The initial question for determination is which of the two parties, John H. Rooks or Cecil Whiteside, acted in such a careless and negligent manner as to be the proximate cause of the resultant collision. After hearing the evidence in the case and carefully studying such diagrams and pictures as were used in illustrating the testimony, there seems but one conclusion as regards the determination of negligence. I find that the defendant John H. Rooks acted in a negligent and careless manner in entering the highway and completely blocking the entire lane of traffic in which Whiteside was operating his motorcycle. "The driver of a vehicle entering a public highway from a private road or drive shall yield the right-of-way to all vehicles approaching on such public highway". N.C.G.S. § 20–156. In the case of Gantt v. Hobson, 240 N.C. 426, 82 S.E.2d 384, 387, the North Carolina Court states that "in order to comply with this statute, the driver of such vehicle is required to look for vehicles approaching on such highway, and this 'is required to be done at a time when this precaution may be effective' ". Though Rooks testified that he did look, the ultimate fact remains that he did not see the motorcycle, and by so entering and blocking the highway made the collision unavoidable for the operator of the motorcycle. Whiteside, operating his motorcycle upon the highway was under no duty to assume that Rooks would fail to yield to him the right of way which was rightfully his, and he is entitled to this assumption even to the last moment. Garner v. Pittman, 237 N.C. 328, 75 S.E.2d 111. Whiteside acted as the reasonably prudent man would act in this emergency. He applied his brakes and veered his vehicle sharply to the right as evidenced by the tire marks mentioned in the investigating highway patrolman's testimony; Whiteside very nearly avoided the collision by such acts. The motorcycle almost cleared the entire length of the Buick sedan but hit the left rear fender and bumper and was thrown to the shoulder of the road.

■■ In the cross-action, the defendants' Rooks have alleged that if John H. Rooks was negligent, then such negligence was insulated by the negligence of Cecil Whiteside in that he was driving in an excessive speed for conditions then existing, failed to keep a proper lookout, failed to keep his vehicle properly under control, and negligently failed to pass the Rooks' car on the right hand side when ample space for so doing was available. The evidence fails to uphold these contentions. In North Carolina "the test of whether negligent conduct of one tort-feasor is to be insulated as a matter of law by the independent act of another * * * is whether the intervening act and resultant injury is one that the author of the primary negligence could have reasonably foreseen and expected * * * except in cases so clear that there can be no two opinions among men of fair minds, the question should be left to the jury to determine whether the intervening act and the resultant injury were such that the author of the original wrong could reasonably have expected them to occur as a result of his own negligent act." Bryant v. Woodlief, 252 N.C. 488, 114 S.E.2d 241, 244.

■ From the facts found, it is clear that defendant John H. Rooks should have reasonably foreseen and expected that by pulling onto the highway and completely blocking the east lane of north-bound traffic, he would cause those vehicles properly having the right-of-way over said lane to either collide with his vehicle or be forced off the road. " 'Foreseeability as an essential element of proximate cause does not mean that the defendant is required to have been able to foresee the injury in the exact form in which it occurred. * * * "All that the plaintiff is required to prove on the question of foreseeability, in determining

proximate cause, is that in 'the exercise of reasonable care, the defendant might have foreseen that some injury would result from his act or omission, or that consequences of a generally injurious nature might have been expected.' " ' " Bondurant v. Mastin, 252 N.C. 190, 113 S.E.2d 292, 297.

Having determined that the negligence of John H. Rooks was the sole proximate cause of the collision and resultant injuries to the plaintiff, Geraldine N. Whiteside and third-party defendant Cecil Whiteside, the final question for determination is whether or not John H. Rooks was acting as the agent and partner of his wife, Geneva Davis Rooks, at the time of the collision. It is established by the evidence that Rooks was on a shopping trip for the dining room which he operated at "Fassifern Pillars", and that his wife was not in the car with him. The issue is whether he and his wife were jointly interested in the operation of the dining room or whether he alone was responsible for its operation. The relationship of the defendants John H. Rooks and Geneva Davis Rooks is husband and wife, legal residents of Florida, who within the past few years, purchased, as tenants by the entirety, a tract of land in Hendersonville, upon which is located a hotel known as "Fassifern Pillars". The hotel consists of apartments rented for the summer seasons, rooms for daily lodging and a dining room. The plaintiff contends that the hotel and dining room are operated jointly or as a partnership by both John H. Rooks and Geneva Davis Rooks; however, the evidence, coming primarily from the two defendants, tends to show that each of them operated separate facilities at Fassifern Pillars—Geneva Davis Rooks the lodging quarters, and John H. Rooks, the dining room. He testified to only a rare instance of ever having signed in a guest for the hotel, that she never helped or assisted in the operation of the dining room, and never bought the supplies therefor. The hotel and dining room had separate light meters, there was no sharing of the profits from the operation of either facility and each of the defendants maintained separate bank accounts.

A partnership is a contractual relation and may be informally created. Its existence may be proved by acts and declarations of the parties. Eggleston v. Eggleston, 228 N.C. 668, 47 S.E.2d 243. The burden of course rests upon the plaintiff to show that such a relationship existed, and this the plaintiff has failed to do. It is clear from the evidence that neither the acts nor the intentions of the parties ever brought about a partnership. The mere fact that the realty was held by them as tenants by the entirety does not of itself establish partnership. The defendants married late in life, and each managed his and her own affairs; The dining room, which in August of 1960, had but one paying guest, was the husband's to manage as he pleased, his wife taking no interest in it other than to take her meals therein; Therefore I conclude that John H. Rooks was on a mission of his own personal interest when the collision occurred. He was not there by direction of his wife nor as her agent or partner. Hence the action as to Geneva Davis Rooks is dismissed as her husband's negligence is not imputable to her.

### Conclusions of Law

The Court has jurisdiction of the parties and the subject matter of this action. 28 U.S.C. §§ 1332, 1441.

The negligence of the original defendant John H. Rooks was the sole and proximate cause of the very serious injuries sustained by plaintiff Geraldine N. Whiteside and by third-party defendant Cecil Whiteside. The defendant, Geneva Davis Rooks, not being the partner nor principal of John H. Rooks, is entitled to a dismissal of the action as to her.

The plaintiff Geraldine N. Whiteside is entitled to recover of and from the defendant John H. Rooks, and I so make such award in the amount of $8,000.

The third party defendant, Cecil Whiteside is entitled to recover of and from the defendant John H. Rooks on his action the amount of $1,000.

The costs of this action will be taxed against the defendant, John H. Rooks.