Gaston, Judge.
 

 — We are of opinion that the record, offered in evidence by the defendant, was not admissible, either as conclusive, or
 
 prima facie
 
 evidence, of a title to the freehold in Ann Holmes. As the parties to the present suit, were also parties, or privies, to the suit referred to in that record, the objection to its admission, rests wholly upon its irrelevancy to establish the fact for which it was offered. It has been well remarked, that a record is in no case direct and positive evidence of
 
 any fact,
 
 which it recites
 
 *487
 
 as having been found by a jury, or been otherwise ascertained. It absolutely establishes no more than that those who passed upon the fact, believed it to be as they have declared. 1 Star. 213. But public policy, awake to the necessity of preventing continual litigation upon the same subject-matter, requires that a matter once solemnly decided, by a court of competent jurisdiction, shall not be again brought into dispute between the same parties, or their representatives. Therefore, a judgment of such a Court, directly upon the point, is, as a plea, a bar, and as evidence, conclusive, between the same parties and their privies; by De Grey, Chief Justice, in
 
 Dutchess of Kingston’s case,
 
 II St. Trials, 261. Every allegation of record, upon which issue has been taken and found, is between the parties taking it, and their privies, conclusive, according to the finding thereof, so as to estop them from again litigating
 
 that fact
 
 once so tried and found.
 
 Outram
 
 v.
 
 Morewood,
 
 3 East, 357. But for this purpose it is necessary that the judgment should be direct upon the precise fact. The judgment is not evidence of any matter which is only to be
 
 inferred
 
 from it by argument, as having probably constituted one of its grounds.
 
 Dutchess of Kingston’s case,rubi supra;
 
 Har. Law Tracts, 457. To permit this would not end litigation; but would induce the necessity of unravelling the materials of the former adjudication; for it would be manifestly unjust, to admit a presumption that a particular fact was established thereby, and yet not allow that presumption to be rebutted by proof that it is. unfounded. 1 Stra. 198. , A judgment, therefore, in any action, is conclusive only as to what it directly decides. As the judgment is the fruit of the action, it must follow the nature of the right claimed, and the injury complained of, and can conclude nothing beyond them. “ In trespass, damages for an injury to possession, are the only thing demanded in the declaration; the judgment can only give the plaintiff an ascertained right to his damages, and the means of obtaining them, it concludes nothing upon the ulterior right of possession, much less of property in the land, unless a question of that kind be raised, by a plea and traverse thereon.”
 
 Outram
 
 v.
 
 Morewood, ut sup.
 
 In the record
 
 *488
 
 offered and received, there is no plea of
 
 liberum lenemen-turn,
 
 or any allegation pleaded on either side, averring title in or to the premises, and, therefore, the record was not evidence of any adjudication as to title. This distinction, as to the effect of a judgment, in an action of trespass, where an issue has been found on an allegation of title, and where no such issue has been determined, is very clearly pointed out by Lord Ellen borough in his observations (in the case of
 
 Outram
 
 v.
 
 Morewood,
 
 above cited), upon the doctrine said to have, been laid down by the Court, in the case of
 
 Bassett
 
 v.
 
 Bennett.
 
 In that case a verdict had been taken for the defendant, both on the general issue, and on the plea of
 
 liberum tenementum,
 
 whereas there was only evidence to support the finding for the defendant on the general issue. The plea (if found) would be conclusive,” says his Lordship, “ that at the time ofpleadingthe soil and freehold were in the defendant, and if properly pleaded by way ofestoppel.it would estop the plaintiff, against whom it was found, from again alleging the contrary. But if not brought forward by plea as an estoppel, but only offered in evidence, it would be material evidence indeed, that the right of the freehold wasat the time as found; but not conclusive between the parties as an estop-pel would be.” And accordingly he adds — “ In that case the proper course would certainly have been, for the Judge at the trial, to have discharged the Jury from finding any verdict, on the plea of
 
 liberum tenementum,
 
 on which no evidence was given.” 3 East, 364. The course which he recommends would have been proper, simply because a judgment in trespass, on the plea of general issue, is neither conclusive by way of estoppel, when pleaded, nor material in evidence, when not pleaded, as to the right of the soil and freehold.
 

 The judgment is reversed, and a new trial is to be awarded.
 

 Per Curiam. Judgment reversed.