WILLIAM H. CROPSEY v. THOMAS J. MARKHAM, ADMINISTRATOR OF ANDREW G. CROPSEY.

(Filed 23 February, 1916.)

**1. Judgment—Estoppel—Former Record.**

The rule under the common-law system that pleas of estoppel by judgment be determined by the inspection of the record alone has been modified under the modern system of pleading where records are sometimes vague and uncertain, but not to the extent of destroying the integrity and conclusiveness of the judgment as to the matters that do appear on the record.

**2. Same—Parol Evidence—Trials.**

Upon plea of estoppel by former judgment, parol evidence is only permissible in aid of the record when the record is uncertain and does not clearly show the matters adjudicated, and not for the purpose of contradicting it; and the judgment estops as to all issuable matters contained in the pleadings.

**3. Same—Account—Bill of Particulars.**

Upon the plea of estoppel by the former judgment in an action upon an account for services rendered it appeared that in the former action the defendant asked for a bill of particulars which was furnished by the plaintiff, and included therein the item sued for in the present action: *Held,* that parol evidence in the present action was incompetent to contradict the record in the former one, and the judgment therein operated as an estoppel.

APPEAL by plaintiff from *Cooke, J.,* at September Term, 1915, of PASQUOTANK.

Civil action to recover $117, alleged to be due for services rendered after the death of the intestate of the defendant and before the qualification of the defendant as administrator.

The defendant denied that there was any amount due the plaintiff and, in addition, pleaded an estoppel by former judgment.

The plaintiff introduced evidence tending to prove that after the death of the defendant's intestate he rendered certain services in taking care of the farm and the stock and that the services were reasonably worth $1.50 per day, making a total of $117.

The defendant introduced the record in the former action between the same parties, from which it appeared that the plaintiff filed a complaint in said action alleging that the defendant as administrator was indebted to him in the sum of $520.15 for services; that the defendant in said action demanded a bill of particulars; that a bill of particulars was filed by the plaintiff in which appear the items for services, amounting to $117, which are involved in this action; that the defendant filed an answer denying any indebtedness to the plaintiff; that an issue of indebtedness was submitted to jury and was answered $153.83, and that final judgment was entered upon the verdict.

After the introduction of the record the plaintiff in this action offered to prove by parol that the items in controversy in this action were not considered in the former action, and that his Honor before whom the action was tried refused to admit evidence in support of said items.

This evidence was excluded upon objection by the defendant, and the plaintiff excepted.

At the conclusion of the evidence his Honor entered judgment of nonsuit, and the plaintiff appealed.

*J. Kenyon Wilson for plaintiff.*
*W. A. Worth for defendant.*

ALLEN, J.  The plaintiff sues to recover $117, alleged to be due for services rendered after the death of the intestate of the defendant and before the qualification of the defendant as administrator.  The defendant denies the indebtedness, and pleads an estoppel by former judgment.  The plaintiff replies that the items in controversy in this action did not enter into the former judgment, and he has offered parol evidence to sustain his allegation, which was excluded by the court.

Was this evidence competent?

The answer to this question requires an examination of the record in the former action and the determination of the effect of the judgment rendered therein.

Under the common-law system, the pleadings being more accurate and precise than at the present day, and having as their object to reduce the controversy to a single issue, there was but little difficulty in determining the question adjudicated, and the rule prevailed of trying the plea of estoppel by former judgment by an inspection of the record alone (*Yates v. Yates,* 81 N. C., 403; *Whitaker v. Garren,* 167 N. C., 662); but as under the modern system of pleadings records are some-

times vague and uncertain, this rule has been modified, but not to the extent of destroying the integrity and conclusiveness of the judgment as to matters that do appear on the record. *Long v. Baugas,* 24 N. C., 290; *Yates v. Yates,* 81 N. C., 403; *Bryan v. Malloy,* 90 N. C., 513; *Person v. Roberts,* 159 N. C., 173; *Clothing Co. v. Hay,* 163 N. C., 499; *Whitaker v. Garren,* 167 N. C., 662.

In *Bryan v. Malloy* the Court, after discussing the question, deduces the following as the controlling principle: "The principle established in these adjudications is that parol proof is admissible and only admissible in aid of the record; that is, whenever the record of the first trial fails to disclose the precise point on which it was decided, it is competent for the party pleadng it as an estoppel to aver the identity of the point or question on which the decision was had, and to support it by proof."

If, then, parol evidence can only be admitted in aid of the record, and when it does not disclose the point decided, we must look to the record in the former action, and it must be examined in the light of the authorities which show what the law says enters into and is concluded by the judgment.

The Court said in *Tyler v. Capehart,* 125 N. C., 64: "A judgment is decisive of the points raised by the pleadings, or which might be properly predicated upon them; but does not embrace any matters which might have been brought into the litigation, or cause of action which the plaintiff might have joined, but which in fact are neither joined nor embraced by the pleadings"; and in *Coltrane v. Laughlin,* 157 N. C., 282: "It is well recognized here and elsewhere that when a court having jurisdiction of a cause and the parties renders judgment therein, it estops the parties and their privies as to all issuable matter contained in the pleadings, and though not issuable in the technical sense, it concludes, among other things, as to all matters within the scope of the pleadings which are material and relevant and were in fact investigated and determined on the hearing.

This language from these two cases was quoted with approval in *Ferrebee v. Sawyer,* 167 N. C., 203, and many other authorities were there cited in support of the principle.

We have, then, the rule established that parol evidence is only permissible in aid of the record when it is uncertain and does not show clearly the matters adjudicated, and not for the purpose of contradicting it, and that the judgment estops as to all issuable matters contained in the pleadings; and if this rule is applied to the record in the former action it is clear that the plaintiff is estopped.

In this action the plaintiff sued to recover $117 for services alleged to have been rendered.

In the former action between the same parties he sued to recover $520.15 alleged to be due for services.

The defendant in the former action asked for a bill of particulars, which was filed by the plaintiff and in which appears the item of $117 as a part of the $520.15.

The defendant denied any indebtedness to the plaintiff and an issue of indebtedness was submitted to the jury and answered $153.83, and judgment was entered upon the verdict.

As was said in *Wiggins v. Guthrie,* 101 N. C., 675, speaking of the statute requiring a bill of particulars: "This enactment, which, in case of a disregard of the demand, shuts out all proof of the items of the claim coming from any witness (and does not close the mouth of the party making it alone), is intended to meet the case of a complaint that does not set out the particulars, and confine the evidence at the trial to such as are set forth. Its aim is to supply an omission to give them in the pleadings, and hence, when furnished, they become substantially and in legal effect a part of the complaint itself."

If so, and the bill of particulars became a part of the complaint, each item of the bill was put in issue by the denial in the answer, and as the issue submitted to the jury was comprehensive enough to permit the introduction of evidence upon all the items, the judgment concludes as to all and is an adjudication that each item was litigated, and as the facts therefore appear on the record, parol evidence will not be received to contradict them.

If, as the plaintiff contends, the fact is otherwise, and he was prevented from introducing his evidence on the former trial by the rulings of the judge, his remedy was to appeal from the judgment rendered or to strike out from the bill of particulars the items that are involved in this action, and his failure to do so will not justify us in destroying the integrity of the judgment which has been rendered.

There is also much authority in this State in support of the contention of the defendant that no debt can be created against the estate of an intestate by matters occurring after his death, but it is not necessary to consider that question. *Devane v. Royall,* 52 N. C., 426; *Lindsay v. Darden,* 124 N. C., 309; *Kelly v. Odum,* 139 N. C., 282, and cases cited.

We find no error.

Affirmed.