## F. B. INGLE v. LUCRETIA CASSADY.

(Filed 24 February, 1937.)

**Judgments § 33—**

> Where the record supports the findings of the court that the allegations and evidence are substantially identical with those of a prior action non-suited, and that the merits of the two causes are identical, judgment that the prior action constituted *res adjudicata* and dismissing the second action is proper. C. S., 415.

APPEAL by plaintiff from *Phillips, J.,* at November Term, 1936, of BUNCOMBE.

Civil action to recover damages for an alleged negligent injury.

After hearing the evidence, the trial court found as a fact "that the instant suit between the parties hereto is based substantially on identical allegations and substantially identical evidence as in the former case between the same parties hereto . . . that the merits of this cause of action are in substance and identically the same as in the former action," and thereupon held that the plaintiff was estopped to prosecute the present action by the judgment in the former suit, and dismissed the same.

Plaintiff appeals, assigning error.

*Ford, Coxe & Carter for plaintiff, appellant.*
*Harkins, Van Winkle & Walton for defendant, appellee.*

PER CURIAM. This is the "same candle blown out in the original action," *Ingle v. Cassady,* 208 N. C., 497, 181 S. E., 562, "and lighted again in the present action." C. S., 415; *Loan Co. v. Warren,* 204 N. C., 50, 167 S. E., 494; *Motsinger v. Hauser,* 195 N. C., 483, 142 S. E., 589.

As the facts found by the trial court are supported by the record, *Batson v. Laundry Co.,* 209 N. C., 223, 183 S. E., 413, the judgment will be affirmed on authority of *Hampton v. Spinning Co.,* 198 N. C., 235, 151 S. E., 266, where it was said that "if upon the trial of the new action, upon its merits, . . . it appears to the trial court, and is found by such court as a fact, that the second suit is based upon substantially identical allegation and substantially identical evidence, and that the merits of the second cause are identically the same, thereupon the trial court should hold that the judgment in the first action was a bar or *res adjudicata,* and thus end that particular litigation." The same rule was restated and followed in *Batson v. Laundry Co.,* 206 N. C., 371, 174 S. E., 90.

Affirmed.