HENRY A. MEACHAM v. LARUS & BROTHERS COMPANY, AND
H. S. BIVENS.

(Filed 15 December, 1937.)

**1. Judgments § 32—Ordinarily, only parties and privies are estopped by judgment.**

The four occupants of an automobile involved in a collision instituted, respectively, separate actions against the driver and the owner of the other car involved in the collision. Upon the trial of one of the actions, all the occupants of the car being witnesses, a nonsuit was entered in favor of the defendant owner and the issue of negligence was answered by the jury in favor of the defendant driver. In the present action, defendants filed an amended answer alleging the disposition of the action tried, which allegations were admitted by the present plaintiff, and defendants moved to dismiss this action on the ground defendants should not be required to defend the several actions involving the same facts, and that plaintiff was barred or estopped by the judgment in the action tried. *Held:* The present plaintiff was neither a party nor a privy in the action tried, and a different set of facts might be developed in the present action, either by additional evidence or by the estimate placed upon the evidence by the jury, and the motion to dismiss should have been denied.

**2. Same: Estoppel § 6a—**

An estoppel must be mutual, and where one party is not estopped by a prior judgment, the adverse party cannot be estopped thereby.

APPEAL by defendants from *Harding, J.,* at November Term, 1937, of GUILFORD. Affirmed.

*Silas B. Casey and Walser & Wright for plaintiff, appellee.*
*Sapp & Sapp for defendants, appellants.*

SCHENCK, J. This is a civil action, instituted in the municipal court of the city of High Point, to recover damages for personal injuries to the plaintiff, alleged to have been proximately caused by the negligence of the defendants. The allegations of the complaint are to the effect that the plaintiff was a passenger in an automobile owned and operated by one A. R. Martin, and that an automobile owned by the corporate defendant and operated by the individual defendant negligently collided with the Martin automobile upon the public highway and thereby injured the plaintiff. The answer denied the negligent operation of the automobile driven by the defendant Bivens, and entered the alternative plea of contributory negligence of the plaintiff, alleging that the Martin automobile was being operated in a joint enterprise of the plaintiff and others, including the driver thereof.

The defendants, by leave of court, filed an "Amendment to Answer" wherein they set up and allege that there were three other cases instituted against the defendants by one Sedberry, one Alsobrook, and one Proctor, respectively, wherein the allegations and facts were practically the same as in this case, and that the Sedberry case had been tried and that upon a demurrer to the evidence a nonsuit had been entered as to the corporate defendant and a judgment in favor of the individual defendant entered upon the issue as to his negligence having been answered in his favor, and that at the trial of the Sedberry case the plaintiff in this case, Meacham, as well as the plaintiffs in the Alsobrook and Proctor cases were present and testified as witnesses, and that Sedberry was represented by the same attorneys as represent Meacham, and Alsobrook, and Proctor, and that said attorneys resisted motion to consolidate for the purpose of trial the four cases of Sedberry, Alsobrook, Proctor, and Meacham; and defendants aver that they ought not to be required to defend more than once the same cause of action, and that the plaintiff ought not to be allowed to maintain this action for the reasons specified in the "Amendment to Answer."

The plaintiffs demurred to the "Amendment to Answer" upon the ground that it was not sufficient to sustain either the plea of *res judicata* or estoppel. This demurrer was overruled. The defendants thereupon moved the court to dismiss the actions of Meacham, Alsobrook, and Proctor upon the allegations in the "Amendment to Answer," the facts alleged therein being admitted, and the court allowed the motion and dismissed the actions of Meacham, Alsobrook, and Proctor. From this judgment dismissing the several actions, the plaintiffs therein appealed to the Superior Court, assigning as error the judgment of dismissal.

The cases came on for trial before Harding, J., at the November Term, 1937, of Guilford Superior Court, when and where the judgment of the municipal court of the city of High Point was reversed, and the several cases were remanded to the municipal court for trial. From this judgment the defendants appealed to the Supreme Court, assigning as error the judgment of the Superior Court.

It is stipulated that only the record in the Meacham case need be brought to the Supreme Court, and that the plaintiffs in the cases of Alsobrook and Proctor will be bound by the judgment in the Meacham case.

The question presented for our consideration is clearly stated in appellants' brief as follows: "Is the plaintiff, by reason of the facts admitted and appearing in the record, bound and estopped by the judgment and findings of the jury in the case of 'Sedberry *v.* Larus & Brothers Co. and H. S. Bivens,' and is said judgment *res judicata* as to the negligence of the defendant H. S. Bivens, as between the plaintiff and defendant here?" The answer is "No."

The plaintiff Meacham was not a party to the Sedberry case and had no legal interest in any judgment that might be rendered therein. Neither was there any privity in estate, in blood, or in law, existing between the plaintiff and Sedberry. Ordinarily, the rule is that only parties and privies are bound by a judgment. *Bennett v. Holmes,* 18 N. C., 486; *Simpson v. Cureton,* 97 N. C., 112; *Hines v. Moye,* 125 N. C., 8. No estoppel is created by a judgment against one not a party or privy to the record by participation in the trial of the action. *Falls v. Gamble,* 66 N. C., 455; *LeRoy v. Steamboat Co.,* 165 N. C., 109.

An estoppel must be mutual, *Peebles v. Pate,* 90 N. C., 348, and one who is not bound by an estoppel cannot take advantage of it, *LeRoy v. Steamboat Co., supra.* It is hardly supposed that had the issue as to the defendant Bivens' negligence been answered in favor of the plaintiff in Sedberry's case, that the plaintiff Meacham could be heard to say that such answer was *res judicata* in the trial of his action. It may be, as was said in *Hipp v. DuPont,* 182 N. C., 9, that upon the trial of the Meacham case an entirely different set of facts as to the manner in which the collision between the two automobiles occurred might be developed, either by additional evidence or by the estimate placed upon the evidence by the jury.

There is nothing in the record to bring this action within certain exceptions to the general rule that only parties and privies are bound by judgments. The judgment in the Sedberry case is not one *in rem* as in *Bank v. McCaskill,* 174 N. C., 362, and as in most of the cases wherein an exception to the general rule has prevailed.

The judgment of the Superior Court is
Affirmed.