CLYDE O'NEAL GILLIKIN, BY HIS NEXT FRIEND, LOLA GILLIKIN, v. RICHARD GILLIKIN.

(Filed 17 September, 1958.)

**1. Pleadings § 7½—**

   A plea in bar is one which denies plaintiff's right to maintain the action and, if established, will destroy that action, and ordinarily it

GILLIKIN v. GILLIKIN.

is for the trial judge to determine in its discretion whether in the circumstances of the particular case a plea in bar should be disposed of prior to trial on the merits.

**2. Compromise and Settlement:    Judgments § 32—**

Whether a plea in bar is based upon a compromise and settlement or upon the doctrine of *res judicata*, the burden of establishing such plea is upon defendant, and defendant must establish all facts necessary to support the plea.

**3. Same—**

In this action instituted by a minor by his next friend, defendant set up as a plea in bar a consummated compromise and settlement pursuant to judgment entered in an *ex parte* proceeding. Defendant, without offering any evidence, moved to dismiss. *Held:* Judgment dismissing the action upon the plea in bar without evidence or findings of fact as to whether the settlement had been consummated by the payment of the sum stipulated, is erroneous, and the question of whether the judgment in the *ex parte* proceeding can be attacked collaterally by plaintiff is not presented.

PARKER, J., took no part in the consideration or decision of this case.

APPEAL by plaintiff from *Parker, J.,* June Term, 1958, of CARTERET.

Plaintiff, by next friend, instituted this action on January 21, 1956, to recover damages for personal injuries sustained April 18, 1954, when plaintiff was 17 years old, allegedly caused by the negligence of defendant.

By answer, defendant denied negligence and pleaded plantiff's contributory negligence; and, *as a plea in bar,* alleged that all matters in controversy had been compromised and settled by defendant's payment of $7,000.00, which had been authorized and directed by a judgment of January 27, 1955, signed and entered by the resident superior court judge of the district.

By reply, plaintiff denied defendant's allegations as to the alleged compromise and settlement; and, as to the proceeding in which the purported judgment of January 27, 1955, was entered, plaintiff alleged (1) that the petition therein was filed without his knowledge or consent, and, *as he was advised and believed,* without the knowledge, consent or acquiescence of his next friend, Lola Gillikin, and (2) that the proceeding was instituted contrary to the course and practice of the courts, that it did not vest the court with jurisdiction over the plaintiff or subject matter, and that all orders and decrees entered therein, however designated, were void. (Note: The reply was verified by Lola Gillikin.)

When the case was called for trial, "defendant moved to dismiss the action for that the plaintiff is estopped by the judgment entered under date of the 27th day of January 1955, by A. H. James, Clerk,

Superior Court of Carteret County, approved by his Honor, J. Paul Frizzelle, Resident Judge, Fifth Judicial District, in a proceeding entitled, 'In the Matter of Clyde O'Neal Gillikin, by his Next Friend, Lola Gillikin.' "

After examining the original papers comprising the proceeding in which the judgment of January 27, 1955, was entered, the court, "being of the opinion and so finding that this action was an attempt to collaterally attack said judgment of January 27, 1955," entered judgment allowing defendant's said motion and dismissing the action. Plaintiff excepted and appealed.

*Jones, Reed & Griffin for plaintiff, appellant.*
*R. E. Whitehurst and C. R. Wheatly, Jr., for defendant, appellee.*

BOBBITT, J. "A plea in bar is one that denies the plaintiff's right to maintain the action, and which, if established, will destroy the action." McIntosh, N. C. Practice and Procedure, Sec. 523; *Bank v. Evans,* 191 N.C. 535, 132 S.E. 563.

If the alleged compromise and settlement is established, plaintiff's action is barred; but, it should be noted, defendant pleads in bar a *consummated* compromise and settlement.

Ordinarily, it is for the trial judge, in the exercise of his discretion, to determine whether in the circumstances of a particular case a plea in bar is to be disposed of prior to trial on the merits of plaintiff's alleged cause of action. *McAuley v. Sloan,* 173 N.C. 80, 91 S.E. 701; *DeLoache v. DeLoache,* 189 N.C. 394, 127 S.E. 419; *Bright v. Hood, Comr. of Banks,* 214 N.C. 410, 419, 199 S.E. 630.

The only question now presented for decision is whether the judgment of dismissal was warranted by what appears on the face of the proceeding in which the judgment of January 27, 1955, was entered.

*Oates v. Texas Co.,* 203 N.C. 474, 166 S.E. 317, and cases therein cited, to which appellee calls attention, relate to compromise judgments entered in settlement of a minor's pending civil action. In such case, the court adjudges that the party plaintiff recover a specified amount from the party defendant.

Unlike *Oates v. Texas Co., supra,* and similar cases, the judgment of January 27, 1955, was not entered in a civil action, that is, "an ordinary proceeding in a court of justice, by which a party prosecutes another party for the enforcement or protection of a right" or for "the redress or prevention of a wrong." G.S. 1-2; G.S. 1-6. It was entered in an *ex parte* special proceeding. G.S. 1-3. Defendant was not a party thereto. The judgment of January 27, 1955, does not purport to be a judgment against defendant.

In his petition in the special proceeding, petitioner set forth reasons

why "it would be well for him to accept the proposed settlement," and prayed "that judgment enter authorizing settlement of his claim on the basis of $7,000 over-all payment." The judgment of January 27, 1955, purports to confer authority for the proposed settlement. But, until it is first established that a compromise and settlement has been consummated in accordance with the provisions of the judgment of January 27, 1955, we do not reach questions relating to the validity of the judgment or to the legal procedure by which it may be attacked.

It follows that the judgment, standing alone, whatever its validity and however it may be attacked, does not constitute an estoppel. To establish his plea in bar, defendant must show a legally authorized and consummated compromise and settlement. Defendant's plea in bar, whether considered as a plea of estoppel by compromise and settlement, *Winkler v. Amusement Co.*, 238 N.C. 589, 598, 79 S.E. 2d 185, or as a plea of *res judicata, Reid v. Holden*, 242 N.C. 408, 411, 88 S.E. 2d 125, or a combination of both, is an affirmative defense. Hence, it is incumbent upon defendant to establish all facts necessary to support such plea.

True, defendant *alleged* that, subsequent to the entry of the judgment, he paid $7,000.00 into the office of the clerk of the superior court. But, in the hearing on defendant's motion to dismiss, defendant offered no evidence. Moreover, the record contains no stipulation or admission relating to what, if anything, transpired in relation to the consummation of the alleged compromise and settlement; and the court, in the judgment dismissing the action, made no findings of fact relative to these material matters.

It is noted that the special proceeding contains a supplemental order, bearing the same date as the judgment, providing for the payment of various items "from the aforesaid compromise settlement of $7,000 set out in the Judgment in this cause." Neither the judgment nor the supplemental order specifies who is to pay or who is to receive the said $7,000.00. The supplemental order does provide that, after the specified disbursements have been made, the balance is to be deposited in the office of the clerk "to the credit and for the use and benefit of the infant, Clyde O'Neal Gillikin, until such time as guardian may be appointed to take over said funds and otherwise represent the interest of the ward as by law provided and under statutes controlling."

Upon the present record, no decision is made or opinion expressed as to the validity of the judgment of January 27, 1955, or as to the legal procedure by which it may be attacked.

Upon the facts then before the court as disclosed by the record

before us, the judgment dismissing plaintiff's action was erroneous and should be vacated. It is so ordered.

Error and remanded.

PARKER, J., took no part in the consideration or decision of this case.