STATE v. ROBERT J. GRUNDLER.

(Filed 14 January, 1959.)

**1. Criminal Law § 143—**

A judge of the Superior Court has authority under G.S. 1-220 to hear a motion made within the time allowed to serve case on appeal to set aside an order theretofore entered in the action vacating the appeal entries and the abandonment of the appeal.

**2. Criminal Law § 169:   Appeal and Error § 55—**

Where it appears that the judge below has ruled upon a matter before him upon a misapprehension of the law, the cause will be remanded to the Superior Court for further hearing in the true legal light.

APPEAL by defendant from *Frizzelle, J.*, at June 1958 Criminal Term, of NEW HANOVER.

Criminal prosecution upon a bill of indictment, found at February 24, 1958 Term a true bill, charging that Robert J. Grundler, on the first day of February, 1958, with force and arms, at and in New Hanover County, did, unlawfully, willfully and feloniously, ravish and carnally know a certain named female person, by force and against her will, against the form of the statute in such case made and provided and against the peace and dignity of the State, heard in Superior Court of New Hanover County upon motion of defendant to set aside defendant's withdrawal and abandonment of appeal entered 8 March, 1958.

Pertinent thereto the record on this appeal shows substantially the following:

1. Upon arraignment in Superior Court on the charge lodged against him defendant pleaded not guilty.

2. At March 1958 Criminal Term of New Hanover the jury returned verdict: Defendant is guilty of rape with recommendation of life imprisonment.

3. Judgment was entered March 8, 1958 of said court that defendant be confined in the State prison for the term of his natural life.

4. Defendant made formal motions of procedural nature, to the denial of which he excepted, and appeals to the Supreme Court in *forma pauperis.*

5. And as prerequisite to such appeal (a) defendant executed affidavit, (b) presented certificate of attorney Aaron Goldberg, counsel for defendant, and (c) procured order of the presiding judge, W. H. S. Burgwyn, E. J., dated March 8, 1958, granting to defendant permission to so appeal, and requiring the Board of Commissioners of New Hanover County to obtain and furnish to defendant transcript of proceedings, all apparently in full compliance with law— and appointing attorney Aaron Goldberg to prosecute said appeal to Supreme Court of North Carolina, for and on behalf of said defendant, and defendant was allowed 120 days in which to serve case on appeal upon the Solicitor.

And the record shows that on the same date the following was addressed to

"Mr. Aaron Goldberg—

On behalf of myself and my son I desire that the appeal taken in this case be withdrawn and abandoned.

William Henry Grundler
Robert Joseph Grundler"

pursuant to which the Judge presiding, W. H. S. Burgwyn, E. J.,

signed an order that the appeal be abandoned, and "the Clerk is instructed to strike said notices of appeal from the minutes of this court."

The record also shows that thereafter on 10 April, 1958, and within the time allowed defendant to serve case on appeal as above stated, Herbert E. Rosenberg and George Rountree, Jr., as counsel for defendant gave notice to Solicitor Burney, of the Fifth Judicial District, that, in the Superior Court of New Hanover County at the courthouse in Wilmington, N. C., before Judge Frizzelle, holding the courts of the Fifth Judicial District, or other Judge lawfully presiding at the designated term of court, they, as counsel for defendant, would move and petition the court for an order setting aside the order of Judge Burgwyn, vacating the appeal entries allowed by him for the reasons stated in the application to set aside the withdrawal and abandonment of appeal, copy of which was attached to and made a part thereof, and that said motion and petition would be heard before the said Judge at certain time at the Regular May 1958 Criminal term of said court, or as soon after said date and time as counsel can be heard.

And the record shows that the Solicitor answered the application of defendant, and prayed that it be dismissed.

The cause coming on for hearing before Judge Frizzelle, upon the motion and petition aforesaid, and being heard upon affidavits filed and arguments made that under the provisions of G.S. 1-220 the Judge has authority to entertain the motion. However the Judge, being of contrary opinion, ordered the motion "dismissed for the reason that the court has no jurisdiction or authority under G.S. 1-220 to hear the motion, and that the defendant Grundler's sole procedure for relief is by application to the Supreme Court of North Carolina for a *writ of certiorari.*"

The defendant excepted thereto, and appeals to the Supreme Court assigning error.

*Attorney General Seawell, Assistant Attorney General Bruton, for the State.*

*George Rountree, Jr., Herbert E. Rosenberg, Member of New York Bar, for defendant, appellant.*

*Edward Norwalk, Member of Bar of U. S. Supreme Court, on brief.*

WINBORNE, C. J.  This is the determinative question on this appeal: Did the Judge below err in dismissing application of defendant, appellant, on the ground that he had no jurisdiction or authority un-

der G.S. 1-220 to hear the motion? The Court is of opinion and holds that the ruling is erroneous.

In this State it is provided by statute G.S. 15-180 that "in all cases of conviction in the Superior Court for any criminal offense, the defendant shall have the right to appeal * * *; and the appeal shall be perfected and the case for the Supreme Court settled, as provided in civil action."

And the General Assembly declares that "the judge shall, upon such terms as may be just, at any time within one year after notice thereof, relieve a party from a judgment, order, verdict or other proceeding against him through his mistake, inadvertence, surprise, or excusable neglect * * * ."

Considering these statutes in the light of decisions of this Court it is held that the judge of Superior Court to whom the application of defendant was addressed had the power and duty to hear the matter.

And it is uniformly held by decisions of this Court that where it appears that the judge below has ruled upon matter before him upon a misapprehension of the law, the cause will be remanded to the Superior Court for further hearing in the true legal light. See *McGill v. Lumberton*, 215 N.C. 752, 3 S.E. 2d 324, and cases cited including *S. v. Fuller*, 114 N.C. 886, 19 S.E. 797; *S. v. Casey*, 201 N.C. 620, 161 S.E. 81; *Tickle v. Hobgood*, 212 N.C. 762, 194 S.E. 461; *Bullock v. Williams*, 213 N.C. 320, 195 S.E. 791; *Farris v. Trust Co.*, 215 N.C. 466, 2 S.E. 2d 363. See also numerous cases listed in Shepard's North Carolina Citations (215 N.C. 752, headnote 3).

For error pointed out this case is remanded for such further hearing.

Error and Remanded.