VIRGINIA LAMM HAYES AND HUSBAND, J. F. HAYES, BESSIE H. LAMM, ZELMA LAMM POYTHRESS AND HUSBAND, T. M. POYTHRESS, TEMPIE ANN HAYES AND JACK THOMAS HAYES, INFANTS APPEARING HEREIN BY THEIR NEXT FRIEND, J. W. HARRISON, v. EUNICE WILLIAMSON DECKER RICARD AND FREE WILL BAPTIST ORPHANAGE, INC., AND H. G. CONNOR AND CHARLES B. McLEAN, TRUSTEE.

(Filed 14 January, 1960.)

1. **Trial § 4—**

The granting or denying of a motion for a continuance rests in the sound discretion of the presiding judge, and his decision will not be disturbed except for abuse of discretion.

2. **Judgments § 38: Pleadings § 7½—**

Ordinarily it is within the discretion of the trial court to determine whether in the circumstances of a particular case a plea in bar is to be disposed of prior to trial on the merits.

3. **Pleadings § 38: Trial § 5½—**

Where the record discloses that at the pretrial hearing motion for continuance was denied, and that motion that defendants' plea in bar be heard prior to trial on the merits was granted and the hearing thereon set for a term of court, and that the plea in bar was heard in open

court at such term, the record discloses that the plea in bar was determined at a regular term of court and not in a pretrial conference.

**4. Trial § 5½—**

Where the record contains a statement of the trial court that the authenticity of the records offered in evidence by both parties was admitted by both parties, a party may not thereafter object that the records were admitted without proof of authenticity.

**5. Judgments § 29—**

A judgment operates as a bar to a subsequent action only as to the parties to the prior action and those in privity.

**6. Judgments § 33—**

A judgment as of nonsuit is a bar to a subsequent action only when it is made to appear that the former adjudication was on the merits and it is found by the trial court that the second action is between the same parties and those in privity with them, is based upon substantially identical allegations and substantially identical evidence, and that the merits of the second action are identical with those of the first.

**7. Judgments § 5—**

A judgment is on the merits when it is based on legal rights as distinguished from mere matters of practice, procedure, jurisdiction or form.

**8. Judgments § 38—**

A plea in bar cannot ordinarily be determined from the pleadings alone.

**9. Same—**

The findings of fact of the court in regard to the identity of the action will not be reviewed on appeal, if the findings are supported by the evidence.

**10. Judgments § 29—**

A grandchild born after judgment of nonsuit in a prior action is represented by an older grandchild who was a party and represented the class in the prior action, and is in privity with him.

**11. Same—**

Purchasers with notice from a party in the prior action are in privity with such party in a subsequent action involving the title to land.

**12. Judgments § 30—**

A judgment on the merits is conclusive not only as to matters actually litigated and determined but also as to all matters properly within the scope of the pleadings which could and should have been brought forward, since a party will not be allowed to split up his claim or divide the grounds of recovery.

**13. Judgments § 33— Judgment of nonsuit on merits held to bar subsequent action upon substantially identical evidence.**

Where, in an action to determine the title to land between parties

claiming from a common source, judgment of nonsuit is entered on the merits on the ground that all of plaintiffs' evidence was insufficient to establish better title from the common source, such judgment is properly held to bar a subsequent action upon the court's findings, supported by the pleadings and transcript of the evidence in the former trial introduced in evidence, together with testimony of witnesses, that the second action sought the same relief as the first, that the parties were the same or in privity, and that the issue in the second had been directly tried and determined in the first, and if matters embraced within the pleadings in the former action and which might have been litigated therein were not brought forward in the prior action, plaintiffs are nevertheless concluded thereby and may not assert them in the second.

**14. Judgments § 38—**

Where, upon the plea of the bar of a prior action of nonsuit on the merits, the proof admits of only one conclusion, the plea in bar is properly heard and determined by the court without a jury.

RODMAN, J., concurring in the result.

BOBBITT, J., dissenting.

APPEAL by plaintiffs from *Frizzelle, J.,* June 1959 Civil Term, of WILSON.

This is an action in the nature of ejectment to determine title to a tract of land, and to recover rents and profits from said land, heard on pleas in bar.

A former action of a similar nature to determine title to a tract of land, and to recover rents and profits from such land, which same tract of land is the subject matter of the instant case, has been before this Court twice. The decisions on the two former appeals of the first action are reported in 244 N.C. 313, 93 S.E. 2d 540, and in 245 N.C. 687, 97 S.E. 2d 105. The decision on the second appeal affirmed a judgment of involuntary nonsuit.

Following the decision of the second appeal, plaintiffs commenced this action within one year, pursuant to the provisions of G.S. 1-25.

From a judgment sustaining defendants' pleas in bar of *res judicata* and estoppel by judgment, and dismissing the action, plaintiffs appeal.

*Lamb, Lamb & Daughtridge by Vernon F. Daughtridge and Cooley and May by Hubert E. May for plaintiffs, appellants.*

*Gardner, Connor and Lee for defendants Eunice W. Ricard, H. G. Connor and Charles B. McLean, Trustee, appellees.*

PARKER, J. On 5 September 1958 the defendants Ricard, Connor, and McLean, Trustee, requested the Clerk of the Superior Court of Wilson County to place this action on the pre-trial docket. On 7 January 1959, Judge Frizzelle ordered that this case be set for trial per-

emptorily as the first case for trial at the June 1959 Civil Term of the Superior Court of Wilson County.

At the June 1959 Term, Judge Frizzelle entered what is designated as a "Pre-Trial Order," which is in substance: Plaintiffs moved for a continuance. Judge Frizzelle denied the motion, and plaintiffs excepted. Defendant Ricard moved that her pleas in bar be heard and determined prior to the trial on the merits. Judge Frizzelle, in his discretion, granted defendant Ricard's motion, and set the hearing of the pleas in bar for 22 June 1959. Plaintiffs excepted to the order.

Judge Frizzelle, without a jury, heard the pleas in bar of defendant Ricard. Defendant Ricard offered in evidence her answer containing her pleas in bar of estoppel by judgment and *res judicata*. At this point plaintiffs' counsel read to Judge Frizzelle their reply to defendant Ricard's pleas in bar and counterclaim. Then defendant Ricard in support of her pleas in bar offered in evidence the following: the pleadings in the first action on the second appeal to this Court, with the two deeds attached as exhibits to the amended complaint; the judgment of Judge George M. Fountain, entered at the September 1956 Civil Term, nonsuiting plaintiffs' first action; the appeal entries on the second appeal; the summons in the first action with the Sheriff's return; the proceedings making additional parties in the first action; the opinion of this Court on the second appeal, which is reported in 245 N.C. 687, 97 S.E. 2d 105; a transcript of the record in the trial of the first action, which resulted in the second appeal to this Court, containing the testimony of Mrs. Annie Parker Phillips, of Mrs. Nana Louvinia Parker, of George A. Barfoot, of Mrs. Bessie Lamm, of R. H. Jackson, and B. F. Varnell, all witnesses for plaintiffs, in the form of questions and answers; and also containing copies of the deed from Nana Louvinia Parker and others to R. A. Stamper and wife, of the deed from R. A. Stamper and wife to Grover T. Lamm, of the deed from R. A. Stamper and wife to defendant Ricard, who was then Eunice Williamson Decker, and stipulations and comments of counsel. Defendant Ricard also introduced some immaterial pleadings, e. g., her answer to the original complaint, when the first action was tried twice in the Superior Court resulting in two appeals to this Court on an amended complaint, and the original complaint is not in either of the records of those two appeals.

Plaintiffs offered in evidence before Judge Frizzelle the following: The testimony of W. A. Lucas, in the form of questions and answers, given at a former trial of the first action before Judge Carr in November 1954. Incorporated in W. A. Lucas' testimony is a copy of the Will of Grover T. Lamm. Plaintiffs also offered in evidence a copy of a will and copies of deeds in reference to the land which is the

subject matter of this present action. Plaintiffs also offered in evidence a transcript of the testimony of defendant Ricard given in the first trial of the hearing before Judge Carr, largely in the form of questions and answers. Judge Frizzelle excluded this testimony as irrelevant, but permitted counsel to read it into the record.

Judge Frizzelle entered a judgment in substance: Plaintiffs' complaint in the case fixes their alleged cause of action as one in the nature of ejectment, and fixes their claim of title to the land described in their complaint as being derived from R. A. Stamper and wife. That a prior action upon the same alleged cause of action, and seeking the same relief, was instituted in the Superior Court of Wilson County by summons issued 24 December 1952. The parties plaintiff in the prior action were the same as the parties plaintiff in this action. The parties defendant in the prior action were the same as the parties defendant in this action, with the exception of H. G. Connor and Charles B. McLean, Trustee, both of whom aver they have acquired interests in the land, the subject matter of this action, from the defendant Ricard. Plaintiffs' first action was tried at the September 1956 Civil Term of the Superior Court of Wilson County. At said trial plaintiffs sought to establish their alleged cause of action by showing that they and the defendant Ricard claimed title to the *locus in quo* from a common source, to wit, R. A. Stamper and wife. At said trial plaintiffs introduced evidence to support their alleged title from the common source, and introduced further evidence to support defendant Ricard's claim of title from the common source. Plaintiffs offered nothing by way of attack upon the title of defendant Ricard. After plaintiffs had closed their evidence, defendant Ricard moved for judgment of nonsuit. Thus, squarely presented, was the question for legal determination: Which claim of title from the common source was the better? The trial judge entered judgment of nonsuit, and dismissed plaintiffs' action. Upon appeal to the Supreme Court, the judgment was affirmed, and the Supreme Court held that plaintiffs proved themselves out of court by showing a superior title in defendant Ricard from the common source. Plaintiffs' claim to the *locus in quo* rests solely upon it being determined in this action that they hold the better title than defendant Ricard from R. A. Stamper and wife. That question was judicially determined adverse to plaintiffs in a prior action. Thus, a fact essential to plaintiffs' action, that defendant Ricard holds the better title from R. A. Stamper and wife, has been directly tried and decided. This essential fact cannot be contested again between the same parties, or their privies, in the same or any other court. Plaintiffs are estopped to deny the aforestated particular fact, which is essential to the cause of action alleged in

their complaint. At the former trial the way was open to plaintiffs to attack defendant Ricard's claim of title, that they had offered in evidence, upon any and all existing grounds, both legal and equitable. It was incumbent upon them to bring forward, and assert their whole case. Plaintiffs have had their day in court, and have had the opportunity to disprove defendant Ricard's claim of title that they, the plaintiffs, offered in evidence. They have waived their right to assert and prove their attack alleged in the complaint in this case on defendant Ricard's claim of title. Whereupon, Judge Frizzelle adjudged and decreed that the pleas in bar of the defendants Ricard, Connor and Charles B. McLean, Trustee, be allowed, and dismissed plaintiffs' action. Plaintiffs are estopped to relitigate the question as to whether they or defendant Ricard hold the better title to the land described in the complaint from R. A. Stamper and wife, a common source; and the judicial determination of the former action, which was affirmed in the Supreme Court, operates as an estoppel, and as *res judicata* against plaintiffs to maintain this action.

Plaintiffs assign as error the refusal of the court to grant them a continuance to a subsequent term. The granting or denying of a motion for a continuance rests in the sound discretion of the presiding judge, and his decision will not be disturbed on appeal, except for abuse of discretion. No abuse of discretion has been shown. This assignment of error is overruled. *Furniture Co. v. Baron*, 243 N.C. 502, 91 S.E. 2d 236.

Plaintiffs assign as error the court's hearing defendant Ricard's pleas in bar prior to the trial of the action on its merits. The pleas in bar of defendants Ricard, Connor, and McLean, Trustee, deny plaintiffs' right to maintain the action, and if established, will destroy their action. "Ordinarily, it is for the trial judge, in the exercise of his discretion, to determine whether in the circumstances of a particular case a plea in bar is to be disposed of prior to trial on the merits of plaintiff's alleged cause of action." *Gillikin v. Gillikin*, 248 N.C. 710, 104 S.E. 2d 861. This assignment of error is overruled.

Plaintiffs contend in their brief that the pleas in bar were heard, and determined at a pre-trial conference. It is manifest from a study of the record that the pleas in bar were not heard, and determined at a pre-trial conference, but were heard, and determined at a regular term of court, in open court, according to the practice of the Superior Courts of the State.

Plaintiffs in their brief contend that the evidence offered in defense of the pleas in bar was admitted without proof of authenticity, "and that counsel for said defendant proceeded to offer such evidence without a stipulation as to its authenticity." On page 63

of the record, we find this: "The authenticity of the records offered by both parties admitted by both parties. J. P. F., Judge." There seems to be no merit to this contention.

The general rule is well settled that the doctrine of *res judicata,* whereby a judgment bars a subsequent action on the same cause of action, and renders the judgment conclusive on the issues adjudicated, applies only to the parties to the action in which the judgment was rendered, and the privies of such parties. *Bennett v. Holmes,* 18 N.C. 486; *Meacham v. Larus & Bros. Co.,* 212 N.C. 646, 194 S.E. 99; *Rabil v. Farris,* 213 N.C. 414, 196 S.E. 321; *Corporation Commission v. Bank,* 220 N.C. 48, 16 S.E. 2d 473; *Cannon v. Cannon,* 223 N.C. 664, 28 S.E. 2d 240; 30A Am. Jur., Judgments, Sec. 396; 50 C.J.S., Judgments, Sec. 762.

In *U. S. v. California Bridge & C. Co.,* 245 U.S. 337, 62 L. Ed. 332, the Court said: "The doctrine of estoppel by judgment, or *res judicata,* as a practical matter, proceeds upon the principle that one person shall not a second time litigate, with the same person or with another so identified in interest with such person that he represents the same legal right, precisely the same question, particular controversy, or issue which has been necessarily tried and finally determined, upon its merits, by a court of competent jurisdiction, in a judgment in *personam* in a former suit."

A former judgment of nonsuit is *res judicata* as to a second action, only when it is made to appear that the former adjudication has been on the merits of the action, and it appears to the trial court, and is found by such court as a fact, that the second action is between the same parties in the same capacity or quality, and their privies, and is based upon substantially identical allegation and substantially identical evidence, and that the merits of the second action are identically the same. *Kelly v. Kelly,* 241 N.C. 146, 84 S.E. 2d 809; *Craver v. Spaugh,* 227 N.C. 129, 41 S.E. 2d 82; *Hampton v. Spinning Co.,* 198 N.C. 235, 151 S.E. 266; 17 Am. Jur., Dismissal, Etc., p. 162; 27 C.J.S., Dismissal and Nonsuit, p. 404; 30A Am. Jur., Judgments, Section 398.

"A judgment on the merits is said to be one which is based on legal rights as distinguished from mere matters of practice, procedure, jurisdiction, or form, or is a judgment that determines, on an issue either of law or fact, which party is right." 30A Am. Jur., Judgments, Sec. 348.

The pleas in bar "cannot be determined from the pleadings alone." *Craver v. Spaugh, supra,* and cases there cited.

This Court said in *Kelly v. Kelly, supra:* "Ordinarily, if the evidence on which the plea of *res judicata* is sustained tends to show

the facts to be as found by the trial court, its findings will not be reviewed by this Court."

The parties plaintiff in the former action and in the instant action are the same, with this exception: In the instant case a new plaintiff appears, Jack Thomas Hayes, an infant son of Virginia Lamm Hayes and husband, J. F. Hayes, and a brother of the infant plaintiff Tempie Ann Hayes. In the former action, Tempie Ann Hayes appeared by her next friend, J. W. Harrison: in the present case both infants appear by their next friend, J. W. Harrison. It would seem that Jack Thomas Hayes was born subsequent to our decision on the second appeal of the first action. The Will of Grover T. Lamm devises certain interests in his realty to his daughter, Virginia Lamm Hayes, for her life, after the termination of a life estate devised to his wife, and at Virginia Lamm Hayes' death, to her children. His will refers to no grandchildren by name, except Betty Frances Lamm, daughter of his late son, Oliver Lamm. It appears from the record that Jack Thomas Hayes is so identified in interest with Tempie Ann Hayes that he was in privity with her who was a party to the prior adjudication, and represented the same legal right. 30A Am. Jur., Judgments, p. 451. " 'Privity' is the mutual or successive relationship to the same right of property, or such an identification in interest of one person with another as to represent the same legal right." 72 C.J.S., Privity; Privies; Privy, pp. 954-5.

The parties defendant in the former action and in the instant case are identical, with this exception: In the instant case two new defendants appear, H. G. Connor and Charles B. McLean, Trustee. The decision on the second appeal of the first action was filed 27 March 1957. On 1 May 1957, defendant Ricard conveyed to H. G. Connor by deed duly recorded a portion of the land that is the subject matter of the former action and the present action. On the same date defendant Ricard executed and delivered to Charles B. McLean, Trustee, a deed of trust duly recorded, securing an indebtedness of $2,000.00 due H. G. Connor, and conveying to the Trustee all of this same land, except the portion conveyed to H. G. Connor. H. G. Connor and Charles B. McLean, Trustee, are privies in estate with defendant Ricard, due to their relationship of grantor and grantees. 72 C.J.S., Privity; Privies; Privy, Privity in Estate, pp. 960-961.

Judge Frizzelle found that the parties plaintiff in the prior action were the same as the parties plaintiff in the instant action. By inadvertence he did not refer to the infant Jack Thomas Hayes, who is in privity with his infant sister, Tempie Ann Hayes. Judge Frizzelle's findings show the privity of estate between defendant Ricard and defendants Connor and McLean, Trustee. However, considering Judge

Frizzelle's judgment in its entirety, we are of opinion that his findings of fact are sufficient that there is an identity of parties in the first action and the present action, within the doctrine of *res judicata,* and that the evidence supports such findings.

The pleadings on the two appeals to this Court of the former action are identical. The complaint in the instant case is identical with the amended complaint on the two appeals to this Court of the former action — only the amended complaint appears in the records on the two former appeals —, with these exceptions: One. An allegation in the instant action that Jack Thomas Hayes is an infant son of Virginia Lamm Hayes and husband, J. F. Hayes, and appears herein by his next friend. Two. The addition in the present complaint of a new sub-paragraph to paragraph XII of the amended complaint in the former action. Paragraph XII begins: "Said claim of defendant Ricard is valid neither in law nor in fact for that": The new sub-paragraph reads: "E. In the year 1946, said Grover T. Lamm placed defendant Ricard and her family in possession of said lands as his tenants, and continuously thereafter until his death and at the time thereof they were in possession of said lands as such tenants, and since his death said defendant has been wrongfully holding over and withholding the possession of said lands from the plaintiffs." Three. The amended complaint in the former action requests, *inter alia,* the appointment of a receiver to take possession of the subject matter of the action: this is omitted in the complaint in the present action. Four. The amended complaint in the former action alleges defendant Ricard is a resident of North Carolina: the complaint in the present case alleges she is a resident of South Dakota.

After plaintiffs filed their complaint in the instant case, they had H. G. Connor and Charles B. McLean, Trustee, made parties defendant, and filed an amendment to their complaint to this effect: That defendant Ricard's deed to Connor and deed of trust to McLean, Trustee, are void, and conveyed nothing to them, because plaintiffs filed a *lis pendens* as to the tract of land on 24 December 1952, when they instituted their first action, that Connor was of counsel for defendant Ricard in the first action, and that Connor and McLean, Trustee, knew defendant Ricard did not own the land she purported to convey to Connor and McLean, Trustee.

In the former action plaintiffs filed a reply to defendant Ricard's supplemental answer, in which in paragraph A they allege: "Defendant Ricard is estopped to deny the fee simple title of Grover T. Lamm and the title of plaintiffs to said land for that": and then follows an allegation of practically the identical words contained in

Paragraph XII, sub-paragraph E, of their complaint in the instant case, above set forth.

This Court said in *King v. Neese*, 233 N.C. 132, 63 S.E. 2d 123: "Where a second action or proceeding is between the same parties as a first action or proceeding, the judgment in the former action or proceeding is conclusive in the latter not only as to all matters actually litigated and determined, but also as to all matters which could properly have been litigated and determined in the former action or proceeding." To the same effect see 30A Am. Jur., Judgments, Sec. 372, where numerous cases are cited from many jurisdictions.

This Court said in *Bruton v. Light Co.*, 217 N.C. 1, 6 S.E. 2d 822: "A judgment rendered in an action estops the parties and their privies as to all issuable matters contained in the pleadings, including all material and relevant matters within the scope of the pleadings, which the parties, in the exercise of reasonable diligence, could and should have brought forward. Citing cases. The whole tendency of our decisions is to require a plaintiff to try his whole cause of action and his whole case at one time. He can neither split up his claim nor divide the grounds of recovery."

For an analysis of the pleadings in the former action see 244 N.C. 313, 93 S.E. 2d 540. That decision also contains a summary of the evidence in that trial. See also 245 N.C. 687, 97 S.E. 2d 105, for the second appeal of the former action.

A judgment of nonsuit on the merits and after a full hearing, stands upon a different basis from those judgments of nonsuit upon other causes and upon other grounds, where a plaintiff can bring a new action under G.S. 1-25, and "mend his licks," if he can. *Hampton v. Spinning Co., supra.*

The judgment of involuntary nonsuit entered in the former action, and affirmed by this Court, 245 N.C. 687, 97 S.E. 2d 105, was an adjudication upon the merits of the action, for that plaintiffs' evidence showed affirmatively that defendant Ricard had a better title to the land from a common source, and that they are not entitled to recover, which was her defense.

Plaintiffs contend that in the instant case other issues are presented, which were not presented when the former action was tried and nonsuited, to wit: Whether defendant Ricard was a tenant of Grover T. Lamm; whether the deed to defendant Ricard was without consideration; whether the deed to defendant Ricard was a deed of gift and not registered within two years from the date of delivery, etc. All these matters were alleged by plaintiffs in their pleadings in the former action, and might have been litigated in that action. If plaintiffs did not see fit to present evidence on their whole case, as alleged

in their pleadings, when the former action was tried and nonsuited, that was their choosing, and they must abide the consequences. *King v. Neese, supra; Bruton v. Light Co., supra; Gibbs v. Higgins,* 215 N.C. 201, 1 S.E. 2d 554; *Cropsey v. Markham,* 171 N.C. 43, 87 S.E. 950; *Coltrane v. Laughlin,* 157 N.C. 282, 72 S.E. 961.

In studying the evidence we have considered plaintiffs' evidence excluded by Judge Frizzelle, as if he had admitted it. The evidence introduced in the hearing before Judge Frizzelle supports his findings of fact, and such findings support his conclusions, and his judgment based thereon. The merits of the two actions are the same.

The conveyances by defendant Ricard to Connor and McLean, Trustee, do not prevent the application here of the principles of *res judicata* and estoppel by judgment, and the sustaining of such pleas in bar destroys plaintiffs' action.

Upon the record before us, the pleas in bar were properly heard and determined by Judge Frizzelle without a jury, for the reason that the proof admits of only one conclusion. 50 C.J.S., Judgments, Sections 845-6.

What was said in *Ingle v. Cassady,* 211 N.C. 287, 189 S.E. 776, with a change of names, is in point here: "This is the 'same candle blown out in the original action,' *Hayes v. Ricard,* 245 N.C. 687, 97 S.E. 2d 340, 'and lighted again in the present action.'"

All plaintiffs' assignments of error are overruled. The judgment below is

Affirmed.

RODMAN, J., concurring in result: This cause has been considered on two prior appeals. In the appeal from the judgment of nonsuit (245 N.C. 687), it was decided that the prior recordation of the deed to defendant made a *prima facie* case of ownership and in the absence of evidence which would invalidate the deed to defendant, plaintiffs were not entitled to recover.

I understand the decision on the first appeal (244 N.C. 313) to hold that all of the evidence given by the witnesses offered by plaintiff for the purpose of invalidating the deed to defendant is competent and, when so considered, the evidence is not as a matter of law sufficient to defeat the title vested in defendant by prior registration of the deed from the common source.

Plaintiffs, at the hearing before Judge Frizzelle, offered for the purpose of establishing their superior title the identical testimony considered by this Court when the case was here in 1956 (244 N.C. 313). No other evidence was offered. The evidence is not subject to differing inferences which a jury might draw therefrom. The effect

to be given to that testimony is a matter of law. We held in effect that it was not, when all was considered, sufficient to establish plaintiffs' superior title. Since the evidence on which plaintiffs now rely has in effect been adjudged insufficient to establish plaintiffs' superior title, it follows, I think, that the conclusion reached by Judge Frizzelle is correct. Hence I vote to affirm.

BOBBITT, J., dissenting. In *Hayes v. Ricard*, 245 N.C. 687, 97 S.E. 2d 105, this Court affirmed a judgment of involuntary nonsuit entered at the close of plaintiffs' evidence. Thereafter, plaintiffs, under G.S. 1-25, commenced the present action.

The former and present actions are essentially the same. There is substantial identity as to the respective parties and the pleadings raise the same issues. Indeed, to invoke G.S. 1-25, there must be such identity.

"The time is extended because the new action is considered as a continuation of the former action, and they must be substantially the same, involving the same parties, the same cause of action, and the same right; and this must appear from the record in the case, and cannot be shown by oral testimony." McIntosh, N. C. Practice & Procedure, § 126; *Goodson v. Lehmon*, 225 N.C. 514, 518, 35 S.E. 2d 623, and cases cited.

A motion for judgment of involuntary nonsuit under G.S. 1-183 challenges the sufficiency of the evidence. *Lewis v. Shaver*, 236 N.C. 510, 512, 73 S.E. 2d 320; *Gantt v. Hobson*, 240 N.C. 426, 431, 82 S.E. 2d 384. The sole adjudication made by a judgment of involuntary nonsuit is that the evidence then before the court is insufficient to sustain plaintiff's alleged cause of action. The purpose of G.S. 1-25 is to afford the plaintiff an opportunity, upon a new trial, to offer evidence in addition to that offered in the first trial and thereby cure the deficiency on account of which the judgment of involuntary nonsuit was entered.

"It seems to be settled in this jurisdiction that a judgment of nonsuit is not *res judicata* as to a second action unless it is made to appear that the second action is between the same parties, on the same cause of action, and upon substantially the same evidence." *Pemberton v. Lewis*, 243 N.C. 188, 90 S.E. 2d 245, and cases cited. As stated by *Denny, J.*, in the *Pemberton* case: ". . . the evidence to be considered on such motion (to dismiss on the ground that a judgment of nonsuit in a former action was *res judicata*) may not be limited to the evidence that was adduced in the former trial, but contemplates a consideration of all the evidence adduced in support of the allegations of the respective complaints. It is only by a consideration of all such

evidence that the court may determine whether or not the evidence in both trials was substantially the same." Hence, in the *Pemberton* case, it was held that the motion to dismiss, if made prior to the hearing of the evidence at the trial of the second action, was premature.

As stated by *Higgins, J.,* in opinion on said prior appeal: "After introducing the Ricard deed, 'for the purpose of attack' the plaintiffs offer nothing by way of attack. They contend the deed on its face, regardless of the time of registration, is insufficient to defeat the plaintiffs' title." Absent evidence to support plaintiffs' allegations that the Ricard deed was without consideration and was never delivered, this Court held plaintiffs' evidence insufficient. The primary question now is whether plaintiffs are entitled to attack the Ricard deed by offering evidence to support their allegations that it was in fact without consideration and was never delivered.

The judgment of Judge Frizzelle is based solely on his finding or ruling that the prior judgment of involuntary nonsuit estopped plaintiffs from offering evidence upon trial of the present action to attack the Ricard deed. The ground assigned for this finding or ruling is that plaintiffs had opportunity to offer such evidence upon trial of the former action but did not do so. This, in my opinion, is a misapprehension of the applicable law. The judgment should be vacated and the cause remanded for trial. *S. v. Grundler,* 249 N.C. 399, 402, 106 S.E. 2d 488, and cases cited.

We are not concerned with the procedure where a judgment which, in terms, adjudicates the respective rights and liabilities of the parties, is pleaded as *res judicata.* A judgment of involuntary nonsuit, as indicated above, does not so adjudicate. Where a judgment of involuntary nonsuit is pleaded as *res judicata,* the approved practice is to proceed to trial. When the evidence has been introduced, then, but not until then, the court determines whether *the evidence* offered by plaintiff is substantially the same as that offered at the trial in which the judgment of involuntary nonsuit was entered. *Pemberton v. Lewis, supra,* and cases cited.