Robert J. GRUNDLER and Joseph Leonid Jelly, Petitioners,

v.

STATE OF NORTH CAROLINA, Respondent.

H.C. No. 24.

United States District Court E. D. North Carolina, Raleigh Division.

May 4, 1960.

476

Herbert E. Rosenberg, New York City, Arthur P. Hartel, Jr., Durham, N. C., for petitioners.

BUTLER, District Judge.

This is an application for a writ of habeas corpus filed by North Carolina state prisoners. The petitioners were separately indicted by the grand jury at the February Term, 1958, of the Superior Court of New Hanover County, State of North Carolina, and charged with the capital offense of rape. The cases were consolidated and tried at the March Term, 1958, of said court, and the jury returned a verdict of guilty of rape with recommendation of life imprisonment as to each petitioner.[1] The Court entered judgment accordingly, and the petitioners immediately in open court gave notice of appeal to the Supreme Court of North Carolina, and filed written application in due form to appeal in forma pauperis. The Court forthwith entered an order allowing the appeal in forma pauperis, and ordered that transcript, case on appeal, briefs and counsel be provided at public expense. Approximately an hour later the petitioners delivered to their respective attorneys, who were counsel of their own choosing, employed and paid by the petitioners, a statement signed by each of them requesting that the appeal to the Supreme Court of North Carolina be withdrawn. Upon being informed of petitioners' desire to withdraw their appeal, the Court required the petitioners to appear in open court and at the personal request of the petitioners, the Court entered an order dismissing the appeals.

On 5 April, 1958, Grundler filed a petition in the Superior Court of New Hanover County to set aside the order dismissing the appeal. The matter came on for hearing at the June, 1958, Term of said court, at which time the petition was dismissed on the ground that the Superior Court "has no jurisdiction or authority under G.S. § 1–220 to hear the motion".[2] On appeal the Supreme Court of North Carolina found the lower court in error in dismissing the petition and remanded it for further hearing. State v. Grundler, 249 N.C. 399, 106 S.E.2d 488.

1. The statute prescribes that every person convicted of rape shall suffer death, and contains the following proviso: "* * if the jury shall so recommend at the time of rendering its verdict in open court, the punishment shall be imprisonment for life in the State's prison * * *." General Statutes of North Carolina, § 14–21.

2. N.C. General Statutes, § 1–220, reads, in pertinent part, as follows: "The judge shall, upon such terms as may be just, at any time within one year after notice thereof, relieve a party from a judgment, order, verdict or other proceeding taken against him through his mistake, inadvertence, surprise, or excusable neglect, and may supply an omission in any proceeding * * *."

On 5 March, 1959, a further hearing on the original petition was had before the New Hanover County Superior Court. At this hearing it was stipulated that petitioner Jelly might adopt the original petition filed by Grundler. After full hearing the Superior Court denied the petition on the merits and appeal was again taken to the Supreme Court of North Carolina. Meanwhile the petitioners had applied to the Supreme Court of North Carolina for a writ of certiorari.

On 11 November, 1959, the Supreme Court affirmed the decision of the lower court, but nevertheless allowed the petition for certiorari in order to consider the merits of the case. The Supreme Court thereupon proceeded to consider and adjudicate all contentions of the petitioners, including the constitutional questions now before this Court, and found no error in the trial of the petitioners and no deprivation of their constitutional rights. State v. Grundler (State v. Jelly), 251 N.C. 177, 111 S.E. 2d 1.

Thereupon, the petitioners applied to the Supreme Court of the United States for certiorari, which was denied on 21 March, 1960, 362 U.S. 917, 80 S.Ct. 670, 4 L.Ed.2d 738. A petition for writ of habeas corpus is now before this Court.

■ Ordinarily, an application for habeas corpus by one detained under a state court judgment of conviction for crime will be entertained by a federal court only after all state remedies available, including all appellate remedies in the state courts and in the United States Supreme Court by appeal or writ of certiorari, have been exhausted. Ex parte Hawk, 321 U.S. 114, 64 S.Ct. 448, 88 L.Ed. 572. It is apparent from the record that the petitioners have exhausted the remedies available in the courts of the state, including an application to the United States Supreme Court for writ of certiorari, and have thus satisfied the jurisdictional requirement of the federal district court. Darr v. Burford, 339 U.S. 200, 70 S.Ct. 587, 94 L.Ed. 761; 28 U.S.C. § 2254.

This Court has before it the record of the proceedings in the state courts containing all matters which the petitioners deem relevant to a review of the federal constitutional questions presented. The record affords adequate opportunity to ascertain the questions presented in the state courts and to weigh the sufficiency of the contentions of the petitioners, and no useful purpose would be served by the holding of a hearing.

The petitioners concede that in the prior proceedings in the Supreme Court of the State of North Carolina and in the Supreme Court of the United States, the same constitutional questions were raised as are now presented to this Court. The present petition presents no new ground not heretofore presented and determined in the state courts. In the opinion of the Supreme Court of North Carolina, State v. Grundler and State v. Jelly, supra [251 N.C. 177, 111 S.E.2d 8.], Mr. Justice Moore considered exhaustively the petitioners' allegations and finds that they have not been denied "due process" or "equal protection of the laws" and that their constitutional rights have not been violated.

In Brown v. Allen, 344 U.S. 443, 73 S.Ct. 397, 411, 97 L.Ed. 469, the Court says:

"As the state and federal courts have the same responsibilities to protect persons from violation of their constitutional rights, we conclude that a federal district court may decline, without a rehearing of the facts, to award a writ of habeas corpus to a state prisoner where the legality of such detention has been determined, on the facts presented, by the highest state court with jurisdiction, whether through affirmance of the judgment on appeal or denial of post conviction remedies."

■ The Court, having considered the record in the state court and the views expressed by the Supreme Court of North Carolina, is of the opinion and so holds that the petitioners have been afforded a full, fair and complete adjudica-

tion of all issues before this Court and are not entitled to the relief sought, and therefore the petition for writ of habeas corpus is denied. An order will be entered accordingly.