J. N. HARSHAW and others Ex'rs &c. v. JOHN DOBSON.

Where a complaint sought for the cancellation of a deed alleged to have been delivered under the following circumstances: At Fall Term 1863 the Judge who held the Superior Court for the County of Burke, in which the parties resided, made a violent charge to the grand jury, upon the subject of receiving Confederate money for debts, threatening such as refused it, with imprisonment; thereupon the defendant, who was judgment debtor (rendered in 1858) of the plaintiff's testator, upon a bond payable in specie, as the consideration for a tract of land, for which he held the judgment creditor's bond for title—moved his

HARSHAW *et al.*, Ex'rs. &c. *v.* DOBSON.

Honor to be allowed to pay off the judgment in Confederate money, and was allowed to do so, and to have satisfaction entered, and the Judge also sent word to the creditor, that, if he did not receive the Confederate money and execute a deed, he would have him sent to Richmond, Va.; and the latter, under fear, being infirm, &c. received the money and delivered the deed; *Held,* that the plaintiff was entitled to the relief demanded.

ACTION, tried upon demurrer to the complaint, by *Mitchell, J.,* at Fall Term 1869 of BURKE Court.

The facts are stated in the opinion.

The judgment asked, was, that it might be declared that the deed in question was procured by fraud and circumvention; that it should be surrendered for cancellation, and that it be ordered that the title to the land should be held subject to the trusts of the original contract of sale.

The defendant demurred, and his Honor sustained the demurrer.

The plaintiffs appealed.

*Folk,* for the appellants.
*No counsel, contra.*

READE, J. The demurrer admits the facts stated in the complaint. His Honor sustained the demurrer and gave judgment for the defendant. In reviewing the decision it becomes necessary to state the facts set out in the complaint:

The plaintiff's testator had a judgment against the defendant in Burke Superior Court, for a balance of $3000, rendered————Term 1858, which was founded on a bond given by the defendant to the plaintiff's testator in 1850, for a tract of land, with the stipulation that the bond was to be paid in gold or silver coin; and the defendant held the bond of the plaintiff's testator to make him a title to the land when he should pay the purchase money in gold and silver coin. In the Fall of 1863, during the existence of the Con-

federate Government and the war to perpetuate the same, the Superior Court for Burke County was held.

The community were greatly excited about the war, and easily enraged against any one who was unwilling to take Confederate Treasury notes in payment of debts : and the Judge then presiding in said Court charged the grand-jury "that it was an indictable offence for a citizen of said Confederate States to refuse to receive its money in payment of debts; and, from his place on the Bench, threatened with punishment and imprisonment, either in the county jail, or some prison of said government, such person as should dare to refuse said money in payment as aforesaid." That the said charge to the grand-jury, and the threats and violent character of the Judge, were well known to the defendant, and thereupon the defendant came into court, and moved his Honor to be permitted to pay off and satisfy the said judgment in Confederate Treasury notes, and his Honor allowed the motion, and directed the payment and satisfaction to be entered of record. That thereupon his Honor sent a message to the plaintiff's testator, that it was his fixed purpose, in case he refused the Confederate Treasury notes, to have him sent to Richmond. That on receipt of this message, being old and infirm, and in fear of his life, by reason of the Judge's threats, and the tyranny of the war power, he agreed to receive the Confederate notes, and made the defendant a deed to his land.

While the demurrer admits the facts as against the defendant, yet they ought not to be taken as true to the prejudice of his Honor's name and memory ; and, therefore, the counsel at this bar made no comments on the enormity of the alleged charge and threats of his Honor. Neither zeal for their client, nor his solemn affidavit of the truth of his statements, could move them from the professional propriety of awaiting the proof. We commend this prudence and justice as due both to the high character of the profession and the irreproachable character of the Bench.

But so far as the defendant is concerned, the facts are true—he admits them. As against him, therefore, what is alleged of the Judge's charge and threats, is true, and their effect upon the plaintiff's testator is also true. And it is true that the defendant knew it, and fraudulently, and unconscientiously availed himself of it to pay off a gold debt with Confederate Treasury notes, worth only a few cents in the dollar, and to extort from an old and infirm man a deed to a valuable tract of land; and although it does not certainly appear that the defendant instigated the charge and threats aforesaid, yet the avidity with which he availed himself of them, makes it probable that he did, and is the same as if he had. This, if it be not better described as a deed without a name, is gross fraud and circumvention.

The demurrer ought to have been overruled, and but for the agreement of the parties, as appears of record, that if the demurrer were overruled, the defendants might answer and put the facts in issue, the plaintiffs would have been entitled to the judgment demanded. Adams Eq. 431 ; Phil. Eq. 170.

There is error. This will be certified that the agreement of the parties may be carried out.

PER CURIAM.	Demurrer overruled.