JULIA A. DAVIS et al. v. W. P. DAVIS et al.

(Filed 27 November, 1907).

**Deeds and Conveyances—Feme Coverts—Privy Examination—Evidence—Set Aside—Notice to Grantee.**

In an action to invalidate a deed to lands because, in fact, the privy examination of the *feme covert*, the owner and plaintiff, had not been taken, though expressed to have been taken, as required in the certificate of the justice of the peace, the burden is upon the plaintiff, by clear, cogent and convincing proof, to show that her examination had not been taken at all. When, under a proper charge thereon from the Judge, the jury has found that such examination was not taken, the verdict will stand, though the grantee may not have been fixed with notice.

CIVIL ACTION, tried before *Peebles, J.,* and a jury, at Spring Term, 1907, of WATAUGA Superior Court, and brought to set aside the execution and privy examination of a deed, dated 13 May, 1904, purporting to have been made by plaintiff to her son, Eugene Davis.

His Honor, without objection, submitted the following issues:

"1. Was the privy examination of Julia A. Davis to the deed of 13 May, 1904, taken separate and apart from her husband, M. M. Davis?" Answer: "No."

"2. Was the plaintiff the owner in fee of the lands described in the pleadings when she signed the deed to her son on 13 May, 1904?" Answer: "Yes."

From judgment upon the issues defendants appealed.

*Edmund Jones* for plaintiffs.
*R. Z. & F. A. Linney* for defendants.

BROWN, J. The evidence tends to prove that the plaintiff Julia A. Davis inherited the land described in the complaint from her father. She is the widow of M. M. Davis. She and her husband had but one child, a son, by name of Eugene O. Davis. Early in life, when this son was about seventeen

or eighteen years of age, he developed tuberculosis and died. While in this diseased condition and enfeebled by the ravages of his fatal malady, the plaintiff and her husband, M. M. Davis, joined in a deed purporting to convey plaintiff's land to said son, who, within a few months thereafter, died. The father, M. M. Davis, also died within two years of the death of his son.

Treating the deed from his mother and father to the son as a conveyance of the fee, the land inherited by plaintiff from her father passed to the son absolutely, and, upon the demise of the son, became, by descent and under the statute, the land of her father. Upon the death of M. M. Davis the land went, in the absence of direct heirs, to the collateral heirs of the said M. M. Davis, who are the defendants in this action, subject to the dower interest of the widow, who is the plaintiff.

No valuable consideration whatever was ever paid by Eugene O. Davis, or by anyone for him, or by anyone at all, and the plaintiff never received anything for the land. In her complaint the plaintiff alleges, in substance, that the so-called execution of the deed by her was procured by the force and fear of her husband, with intent, as it is inferred, of becoming the absolute owner of his wife's land upon the expected death of the son. She alleges that she was never privily examined touching her voluntary consent to the execution of the deed, and that the deed is void, but that the deed is a cloud upon her better title, and asks relief that the Court remove the same. There was evidence offered by plaintiff tending to prove that her husband and herself acknowledged the signing of the deed before a justice of the peace; that her husband was present during the entire ceremony; that the justice did not examine her at all as to her voluntary assent, and that, in fact, no privy examination whatever was taken, either in her husband's presence or out of it.

Although the language of the first issue would seem to indicate that the case turned upon the mere presence of the hus-

band at the ceremony of privy examination, yet such is not the fact. The charge of the Court shows plainly that it turned upon the sole question as to whether any examination at all was taken. The defendants requested the Court to charge: "(1) That there is no evidence in this case that Eugene Davis, the grantee in the deed of 13 May, 1904, offered in evidence, had at any time any knowledge or notice of the alleged defect in said deed to him. The plaintiffs, in no aspect of the case, can recover. (2) That the certificate of the justice taking the private examination of a married woman is a judicial act, and ought to stand, unless the evidence offered to set it aside is full and convincing." The Court refused to give the first instruction, but gave the second, to the effect that the proof should be clear, strong and convincing. The Court further charged the jury that they should be fully satisfied, by strong, clear and convincing proof, that there was no private examination taken.

The presence and undue influence of the husband at the ceremony of privy examination would not vitiate a certificate in all respects regular, unless the grantee had notice of it, and the burden would be upon plaintiffs to show such notice. Revisal, sec. 956. But that is not the theory upon which this case was tried. The charge of the Court made the case turn upon the contention as to whether any such ceremony ever took place at all, and not what occurred at it. The testimony of the plaintiff herself is to the effect that she was never, at that or any other time, examined as to her voluntary execution of said deed. The cases cited by the learned counsel for the defendants undoubtedly support their contention, that the presence and undue influence of the husband will not avoid the legal effect of the certificate of privy examination made by one qualified to take it, unless the grantee is fixed with notice of it. *Riggan v. Sledge,* 116 N. C., 92; *Bank v. Ireland,* 122 N. C., 575. But we have held at this term that, while the certificate, if regular on its face, precludes all in-

quiry into the fraud or falsehood in the *factum* of the privy examination, unless the grantee is fixed with knowledge thereof, yet it is open to the *feme covert* to show, if she can, that, in fact, no examination whatever was taken. *Lumber Co. v. Leonard,* at this term. The theory upon which this case was tried, and the manner in which it was presented to the jury by the Court, brings it within that ruling. His Honor very properly placed the burden on plaintiff to establish her contention by clear, cogent and convincing proof.

It may be that the jurors were unduly influenced by the evident wrong which had been perpetrated on plaintiff by her husband, but we cannot correct that. We repeat again what we said in substance in *Lumber Co. v. Leonard, supra:* The Judges of the Superior Court should be extremely careful, in cases of this kind, to explain to the jury that the solemn acts of judicial officers are not to be lightly set aside, as titles to land depend upon the validity of their certificates, and never upon a mere preponderance of evidence, but only upon clear, strong and convincing proof. Unless, in their opinion, the proof measures fully up to this high standard, we think the trial Judge should not hesitate to set aside a verdict which destroys the legal effect of such an important judicial act.

No Error.