MARGARET J. WHITAKER v. THE SIKES COMPANY
AND JOHN C. SIKES.

(Filed 23 April, 1924.)

**Deeds and Conveyances—Mortgages—Married Women—Probate—Privy Examination—Fraud.**

Where a married woman has signed a mortgage or deed in trust to secure borrowed money, she may not have it set aside upon allegation of fraud of the probate officer in taking her separate examination, when she admits that the examination was taken in substance of the requirement of the statute and she had signed the conveyance, and there is no evidence that the mortgagee in any manner participated in the fraud.

APPEAL by plaintiff from *Shaw, J.,* at February Term, 1924, of UNION.

This action was brought for the purpose of having declared null and void and canceled a deed of trust purported to have been executed by Margaret J. Whitaker, a married woman, on 6 March, 1922, to secure three separate notes, aggregating $1,420, for borrowed money. The plaintiff alleges that she is illiterate, can neither read nor write, and was induced to make her mark to said instrument by the false representation of a justice of the peace, who certified to her execution and acknowledgment and privy examination, as required by law, which she alleges was not taken nor attempted to be taken, and that she received no consideration for said notes, alleging that the Sikes Company was not an

innocent purchaser; that she did not sign nor make her mark in the notes referred to in the deed of trust, and, therefore, that the defendant, the Sikes Company, had notice that the transaction was incomplete.

The court, upon the evidence, directed judgment as a nonsuit, and the plaintiff appealed.

*R. B. Redwine for plaintiff.*
*John C. Sikes and Vann & Milliken for defendants.*

CLARK, C. J. The plaintiff, on her cross-examination, testified that she signed the paper that the justice of the peace presented to her, "freely and voluntarily, because she understood it to be upon the T. C. Irby land." The real question presented in this case is whether the "private examination of the plaintiff was taken by the justice of the peace to mortgage involved in this action." There is no allegation in the complaint, nor is there any evidence suggesting, that the defendants had any knowledge of, or was a party to, any fraud or misrepresentation committed or made by the justice of the peace. The certificate of the justice is in due form, and, there being no allegation or proof that the defendant was a party to any fraud therein, all question as to fraud, duress, or undue influence is cut off, and the sole question presented is whether the plaintiff's privy examination was actually taken. *Lumber Co. v. Leonard,* 145 N. C., 339; *Davis v. Davis,* 146 N. C., 166; *Brite v. Penny,* 157 N. C., 112.

In the case first cited, the court says as follows: "The certificate of the officer who took the privy examination of a married woman shuts off all inquiry as to fraud, duress, or undue influence in signing a deed of conveyance, unless participated in by the grantee or his agent. It also precludes all inquiry into fraud or falsehood in the *factum* of the privy examination itself, unless the *feme covert* can make it appear, by clear, cogent and convincing proof, *either that no such examination was had at all,* or that on such examination she refused to give her voluntary assent to the *execution of the instrument, and so expressed herself at the time to the officer who undertook to examine her."*

The plaintiff admits that she signed the paper freely and voluntarily, and that she was alone with the justice at the time. It is true, she testified that the justice of the peace did not make the examination in the exact words of the statute; but in *Benedict v. Jones,* 129 N. C., 473, the Court held that this was not necessary if the acts and language of the married woman at the time of her examination were to the same legal effect, and that it makes no difference that she testified that she did not know what the paper contained, and that, if she had, would not have signed it.

R. R. *v.* LACY.

Even if the justice practiced a fraud upon her, since she does not allege that the Sikes Company, the party to whom the instrument was made, had any knowledge thereof or participated in any way in the alleged fraud, she is precluded now from having it adjudged invalid and . set aside.  C. S., 1001.

The plaintiff in this case admits that her privy examination was taken, and, there being neither allegation nor evidence that the defendant was a party or in any way connected with the alleged fraud of the justice of the peace, the court properly directed a nonsuit.  There was nothing else for him to do, upon the evidence presented.

Affirmed.