L. A. RANDOLPH COMPANY v. LOSSIE R. LEWIS.

(Filed 26 September, 1928.)

**1. Trial—Instructions—Objections and Exceptions.**

> Where the judge, in his charge to the jury, misstates the admissions of a party, the mistake should be called to his attention at some appropriate time before the issues are finally given to the jury, or in time for him to correct the error, if any made by him.

**2. Sales—Requisites and Validity—Consideration.**

Where the husband and wife give their note in payment for an automobile used as a family car, the consideration therefor is sufficient to support an action against her.

**3. Bills and Notes—Requisites and Validity—Execution and Delivery—Duress.**

Where a note is given by a husband and wife, and the husband procures her execution by duress, the note is voidable only, and is good in the hands of a holder in due course for value, and without notice of the duress. The distinction between duress in the procurement of the execution and duress in the execution pointed out by ADAMS, J.

APPEAL by defendant from *Grady, J.,* at March Term, 1928, of PITT. No error.

The plaintiff brought suit to recover an amount alleged to be due on four notes signed by W. E. Lewis and his wife, Lossie R. Lewis. W. E. Lewis is dead and his surviving wife is the only defendant. All the notes were dated 16 April, 1925. The face of three of them was $139.68 each, and of the fourth, $97.03, representing a total alleged indebtedness of $516.07. There was evidence tending to show that the notes were given for the purchase of an automobile. The defendant denied that she was indebted to the plaintiff and alleged that her signature to the notes was procured by her husband by intimidation and coercion and that the notes were without consideration.

The issues were answered as follows:

1. Did the defendant, Lossie R. Lewis, execute the notes sued on? Answer: Yes, by consent.

2. If so, were said notes without consideration, as alleged by the defendant? Answer: No.

3. Was the execution of said notes on the part of the defendant procured by duress or through fear of her husband as alleged by defendant? Answer: Yes.

4. What amount, if anything, is the plaintiff entitled to recover of the defendant? Answer: $516.06, with interest from 16 April, 1925.

Judgment for plaintiff and appeal by defendant on errors assigned.

*F. M. Wooten for plaintiff.*
*Julius Brown for defendant.*

ADAMS, J. The first issue was answered by consent; but in reference to the second the defendant excepted to his Honor's instruction that she had admitted that the notes represent the purchase price of an automobile sold by the plaintiff to her and her husband. There are at least two reasons why these exceptions (first and second) cannot be sustained.

(1) Certain expressions in her testimony are susceptible of the interpretation given them in the charge, and if she wished to contest the question whether she and her husband had bought the car she should have called the matter to the attention of the court before the issues were finally submitted to the jury. *S. v. Johnson,* 193 N. C., 701. In *Hardy v. Mitchell,* 161 N. C., 351, it was said: "It is true we find no such admission in the record, but it may have been made orally during the trial and not appear of record, but the instruction was a statement of a fact made to the jury by the court. It was not a conclusion of law. If it was an inadvertence upon the part of the judge, it was the duty of counsel for defendant at the conclusion of the charge, or at some appropriate moment before the case was finally given to the jury, to call the judge's attention to it, so that the misunderstanding could be cleared up and the error corrected at the time. Counsel will not be permitted to sit still and acquiesce in a statement by the court that a fact is admitted when it is not. Counsel should give the court opportunity to correct the error, if in fact one was made." (2) The notes were not "without consideration," if it be granted that the car was sold to the husband of the defendant and, as she testified, "was used by Mr. Lewis and his family."

The next exception involves the legal effect of the jury's answer to the third issue, *i. e.,* that the defendant's signature to the notes was procured by duress—by the compulsion or constraint of her husband. In reference to this matter the defendant testified: "His (her husband's) treatment of me prior to my signing the notes was very cruel. He hit and beat me a time or two over these notes. I refused to sign them, and they stayed at my house about three weeks before I would sign them, and finally through fear and under a pistol I signed them." The theory of the defendant is that the notes are absolutely void.

As a general rule a contract made under duress is not void but voidable—a rule which unquestionably applies to executory contracts under seal; for the defense of *non est factum* is entirely distinct from a defense which admits the execution of the instrument and sets up matter in avoidance of the contract. *Worcester v. Eaton,* 7 A. D. (Mass.), 155. It is true that duress may affect the execution as well as the inducement to the execution of the contract; but in the execution it is rare. Page on Contracts, secs. 503, 504; Williston on Contracts, sec. 1623. In section 1622 Williston says: "Duress, like fraud and mistake, may completely prevent the mutual assent necessary for the formation of a contract or sale, or it may be merely a ground for setting aside a bargain because the expression of mutual assent thereto was improperly obtained. If a man by force compels another to go through certain indications of assent, as by taking his hand and forcibly guiding it, there is no real expression of mutual assent for the act is not that of him

whose hand was guided. He is a mere automaton. But in the ordinary case where duress is exercised, as generally when fraud is exercised, there is an actual expression of assent, though in view of the way in which the assent was obtained it is inequitable to permit the enforcement of the bargain." In the illustration given of forcibly guiding the hand the party is deprived of all volition. The same illustration of the principle appears in 9 R. C. L., 723, sec. 13.

Duress in the inducement exists where the party subjected to the duress intends to execute the contract and such intention is caused by duress. In this event the contract is voidable. "A contract made under duress is ordinarily voidable and not void, for the consent is present, although not such a free consent as the law requires." 13 C. J., 398, sec. 311.

It is well settled that as between the immediate parties—here the defendant and her husband—duress in obtaining her signature to the note would be a good defense; it would likewise be a good defense against a holder with notice. The appellant does not contend that the plaintiff, the payee in the notes, had any knowledge of the alleged duress. The notes represent the price of an automobile purchased from the plaintiff and used by the defendant and her family. The authorities uniformly support the position that where the grantee in a deed or the payee in a note has neither instigated the duress, nor connived at it, nor had knowledge of it, duress by others is not ground for avoiding the contract. *Wells Fargo Bank v. Barnett* (C. C. A.), 43 A. L. R., 916; *Meyer v. Guardian Trust Co.,* 35 A. L. R., 856; *White v. Graves,* 9 A. R. (Mass.), 38; *Green v. Scranage,* 87 A. D. (Ia.), 447. This principle is embodied in our statute law. If in a conveyance of land by a husband and his wife the private examination or acknowledgment of the wife is procured by fraud or duress exercised by the husband, the conveyance is not thereby invalidated unless it is shown that the grantee participated in the fraud or duress. C. S., 1001. In the following cases the party who had instigated the duress sought to take advantage of his own wrong: *Heath v. Cobb,* 17 N. C., 187; *Meadows v. Smith,* 42 N. C., 7; *Edwards v. Bowden,* 107 N. C., 58. See *Harshaw v. Dobson,* 64 N. C., 384; *S. c.,* 67 N. C., 203. We find no error in the conclusion that upon the verdict as returned the plaintiff is entitled to judgment.

The other exceptions are so manifestly untenable as to require no discussion.

No error.