AMAZON COTTON MILLS COMPANY v. THE DUPLAN CORPORATION.

(Filed 10 April, 1957.)

**Appeal and Error §§ 7, 53—**

> Where the complaint states a defective cause of action, the Supreme Court has the power to dismiss *ex mero motu*. Therefore, petition to rehear on the ground that motion to dismiss was not passed on by the Superior Court and was not the subject of an exceptive assignment of error on appeal, will be dismissed.

PETITION by plaintiff to rehear the above-entitled cause reported in 245 N.C. 496, 96 S.E. 2d 267. This Court denied defendant's request for permission to file a demurrer *ore tenus* on the rehearing.

*James L. Rankin, E. T. Bost, Jr., W. H. Beckerdite,*
*Walser & Walser,*
*By: Don A. Walser, for plaintiff, appellee.*
*Ratcliff, Vaughn, Hudson, Ferrell & Carter,*
*By: R. M. Stockton, Jr., for defendant, appellant.*

STATE *v.* DUNN and STATE *v.* STOCKS.

PER CURIAM.  In the petition to rehear the plaintiff contended this Court committed error in ordering the action dismissed.  The reason assigned is that the motion to dismiss was not passed on by the Superior Court and not the subject of an exceptive assignment here.

This Court's decision was based on the view that the plaintiff stated a defective cause of action which the Court had the power to dismiss *ex mero motu.*  "If the cause of action, as stated by the plaintiff, is inherently bad, why permit him to proceed further in the case, for if he proves everything that he alleges he must eventually fail in the action." *Ice Cream Co. v. Ice Cream Co.,* 238 N.C. 317, 77 S.E. 2d 910.  Upon the authority of the case cited, the petition is

Dismissed.