ADDIE S. BEAM v. EDMOND D. ALMOND AND WIFE, BERTHA J. ALMOND; CLEVELAND SAVINGS AND LOAN ASSOCIATION, A CORPORATION, AND LLOYD C. BOST, ADMINISTRATOR OF THE ESTATE OF BAYARD THURMAN FALLS, SR., TRUSTEE, DECEASED.

(Filed 11 October, 1967.)

**1. Judgments § 5—**

A judgment based on matters of practice or procedure is not a judgment on the merits.

**2. Judgments § 28—**

A judgment dismissing an action upon demurrer for want of necessary parties is not a judgment on the merits and cannot constitute *res judicata* barring a second action thereafter instituted upon substantially identical allegations but joining the parties necessary to a determination of the cause, even though plaintiff fails to amend the original complaint as permitted by the court within the time limited in the order sustaining the demurrer.

**3. Appeal and Error § 10—**

Defendant may file a demurrer *ore tenus* in the Supreme Court for failure of the complaint, together with any amendments, to state facts sufficient to constitute a cause of action.

**4. Pleadings § 12—**

A demurrer tests the sufficiency of a pleading, admitting for its purpose the truth of factual averments well stated and relevant inferences of fact deducible therefrom, but does not admit legal inferences or conclusions, and the complaint will be liberally construed with a view to substantial justice between the parties.

**5. Cancellation and Rescission of Instruments § 3—**

Allegations to the effect that grantor was 70 years old, was ill and under the influence of drugs so that she was incapable of understanding what she was doing, and that defendants fraudulently procured her signature to a deed conveying her property to them, which instrument she understood to be a contract to convey the premises to defendants in return for their promise to support plaintiff for the rest of her life, and that defendants

were attempting to sell the property, *held* sufficient to state a cause of action to cancel the deed for undue influence and mental incapacity.

**6. Appeal and Error § 10—**

Defendant may not demur in the Supreme Court on the ground of improper joinder. G.S. 1-127(6), G.S. 1-134.

**7. Pleadings § 3—**

In an action to set aside a deed for fraud and duress, lien holders in a deed of trust executed by the grantees are necessary parties, since their rights may be affected by adjudication of title, and therefore it is proper to join them in an action to rescind the deed to the grantees.

**8. Cancellation and Rescission of Instruments § 11—**

Where the grantor of an instrument seeks to set it aside for fraud, duress and want of mental capacity to execute the instrument, and it appears that the grantees of the instrument had executed a deed of trust thereon in favor of third parties who took without notice and who *bona fide* advanced money on the strength of the grantees' title, cancellation of the deed to the grantees does not affect the validity of the lien of the deed of trust, the duress being in the inducement to execute the deed and not duress in the actual signing of the instrument.

**9. Cancellation and Rescission of Instruments § 3—**

In an action by the grantor to set aside a deed executed by her on the ground of mental incapacity, it is required that she allege restoration of her mental capacity in order to enable her to maintain the suit in her own name, and want of such averment requires the sustaining of defendants' demurrer, with leave to plaintiff to amend.

APPEAL by plaintiff from a judgment rendered by *B. T. Falls, Jr., Resident Judge* of the Twenty-seventh Judicial District of North Carolina, in chambers, at Shelby, CLEVELAND County, 3 March 1967.

This is an action *in forma pauperis* to set aside a deed to the house and lot owned by plaintiff, where she resided as her home, for alleged fraud, undue influence, and mental incapacity perpetrated upon her by defendants, Edmond D. Almond and wife, Bertha J. Almond, in which action B. T. Falls, Sr., now deceased, was named as a trustee in a deed of trust upon said property executed by the defendants Almond securing a note held by the Cleveland Savings and Loan Association for the sum of $7,000, and in which action Lloyd C. Bost is named as the duly appointed, qualified and acting administrator of the estate of B. T. Falls, Sr., deceased. In the present action, plaintiff filed in the office of the clerk of the Superior Court of Cleveland County a notice of *lis pendens*.

A former action, which served as the basis for the dismissal of the present action by Falls, J., was commenced on 24 October 1965. In that action, Addie S. Beam, plaintiff, named Edmond D. Almond and wife, Bertha J. Almond, as defendants and sought to have a deed that she executed to defendants on the house and lot owned

by her, where she resided — the same house and lot which is the subject matter of the present action — set aside by reason of alleged mental incapacity, fraud and undue influence perpetrated upon her by defendants Almond. The language in the first complaint with respect to the issues in the action was substantially similar to the language in the present complaint, except for language in the present complaint making as additional parties the Cleveland Savings and Loan Association and Lloyd C. Bost, administrator of the estate of B. T. Falls, Sr., trustee, deceased. Defendants Almond demurred *ore tenus* to the complaint by reason of the fact that all parties having an interest in the subject matter of these proceedings had not been made parties to the action. The Honorable Zeb V. Nettles, judge presiding at the September-October 1966 Civil Session of Cleveland County, continued the cause for thirty days in order that the plaintiff might join such additional parties as may have an interest in the subject matter. When the thirty days had expired, defendants Almond filed a motion seeking dismissal of the suit by reason of the fact that such additional parties had not as yet been made parties to the action. On 23 December 1966, the motion of defendants Almond was heard in chambers before Falls, J., wherein the court found that such additional parties had not as of the date of said hearing been made parties to the action; that no .mistake, surprise or excusable neglect had been made to appear to the court; and that notice of the motion had been properly served upon the attorneys for the plaintiff. Whereupon, Judge Falls entered an order that the cause be dismissed and the costs taxed against the plaintiff.

The present action was commenced on 13 January 1967. In addition to the defendants Almond who were named defendants in the previous action, the Cleveland Savings and Loan Association and Lloyd C. Bost, administrator of the. estate of B. T. Falls, Sr., Trustee, deceased, who had been named as trustee in the deed of trust executed by the defendants Almond to secure a note of theirs in the sum of $7,000, were made parties defendant. The complaint seeks to have the deed executed by the plaintiff to the defendants Almond set aside for alleged fraud, undue influence and mental incapacity. The complaint in the instant action in substance alleges, *inter alia,* that on 28 March 1964 the defendants, Edmond D. Almond and wife, Bertha J. Almond, executed and delivered to the defendant Cleveland Savings and Loan Association a note in the sum of $7,000 secured by a deed of trust purporting to constitute a lien on the house and lot which is the subject matter of this action. The complaint further alleges that Bayard Thurman Falls, Sr., was named trustee in that deed of trust and that he died on 28 August 1966. The complaint further alleges "that this is an action to set

aside a deed to property in which the defendants Cleveland Savings & Loan Association and Lloyd C. Bost, Administrator of Estate of Bayard Thurman Falls, Sr., have an interest and whose rights may be affected and are made parties hereto so that they may defend their rights therein." The complaint prays for judgment as follows: "1. That the said purported deed from Addie S. Beam to Edmond D. Almond and wife, Bertha J. Almond, as herein alleged, be set aside and declared null and void. 2. That said deed of trust from Edmond D. Almond and wife, Bertha J. Almond, to Cleveland Savings & Loan Association of Shelby, as herein alleged, be set aside and declared null and void."

The Cleveland Savings and Loan Association demurred to the complaint in the instant action upon the following grounds: "That the complaint does not state facts sufficient to constitute a cause of action against this defendant in that the complaint contains no allegations connecting this defendant in any way with the subject matter of the action, nor is any interest therein on the part of this defendant pleaded in any form whatsoever."

Lloyd C. Bost, administrator of the estate of Bayard Thurman Falls, Sr., trustee, deceased, filed a similar demurrer.

The defendants Almond demurred to the complaint upon the following grounds: "That there is a misjoinder of causes of action herein, in that the complaint attempts to join an action for fraud against these defendants, and an action to set aside a deed to real estate on grounds of the mental incompetence of the plaintiff, and an action based on the anticipated breach by the defendants of a contract with the plaintiff."

On motion of plaintiff, the cause came on for hearing upon the demurrers at the 13 February 1967 Session of Cleveland County Superior Court. Upon this hearing, the Honorable W. K. McLean, judge presiding, entered an order overruling the demurrers and allowing the defendants thirty days to file answers. There was no exception to this order of Judge McLean.

On 15 February 1967, attorneys for the defendants Edmond D. Almond and wife, Bertha J. Almond, filed a motion to dismiss with the court which recites, in substance, as follows: The movants herein were the identical defendants in an action previously brought by plaintiff; that the complaint in this action is identical with the language of the first complaint with respect to the issues of the action, and the plaintiff in the instant action does not allege any new matter but merely repeats the form and content of her original complaint. On 23 December 1966, Judge Falls, upon motion of these defendants, dismissed the first action brought by plaintiff as of involuntary nonsuit by reason of the failure of the plaintiff to prop-

erly prosecute the action against these defendants as theretofore ordered by the court; that no appeal was perfected from the judgment of the court ending the previous action, and that said judgment is in all respects a binding judgment upon all parties to that action.

On 3 March 1967, Falls, J., Resident Judge of the Twenty-seventh Judicial District, in chambers, at Shelby, Cleveland County, heard the motion filed by the defendants Almond. He entered a judgment in which he found, in substance, the following facts: That plaintiff filed an action in the Superior Court of Cleveland County against said Edmond D. Almond and wife, Bertha J. Almond; that the defendants Almond demurred *ore tenus* to the complaint by reason of a defect in the parties defendant in said action, all persons having an interest in and to the subject matter of the action not having been made parties thereto; that Judge Zeb V. Nettles allowed the plaintiff to file amended pleadings wherein the necessary and proper parties were to have been made parties defendant, and the plaintiff was allowed thirty days in which to file such amendment; that plaintiff failed to file amended pleadings; that upon motion of defendants Almond Judge Falls entered an order on 23 December 1966 dismissing said action, finding no mistake, surprise or excusable neglect was made to appear to the court; that plaintiff appealed from this order and failed to perfect her appeal; and that the time for the prosecution of said appeal has expired, and the order of the court dismissing that action is in all respects a final judgment and is binding upon the parties thereto. The court further found as a fact that the plaintiff filed another complaint on 13 January 1967 wherein the above parties are named as parties defendant, and upon examination of the complaint herein it is found as a fact that the complaint in this action is a verbatim recital of the identical allegations contained in the first action instituted by the plaintiff; that the defendants now move the court that this action be dismissed by reason of the fact that the judgment in the former action is a bar and effectively estops her from the prosecution hereof.

Based upon his findings of fact, the court concluded as a matter of law as follows: "(1) by reason of the identity of the pleadings in this action with those filed in the previous action by the plaintiff, there are no new issues for adjudication herein and the motion of the defendants that the plaintiff is estopped to now file this action by reason of the judgment entered in her former action is well taken; (2) the Court is of the opinion that the plaintiff is now estopped by the judgment entered in her former suit as to the issue she now raises." Based upon his findings of fact and conclu-

sions of law, Judge Falls ordered and decreed that the present action be dismissed and that the costs be taxed against the plaintiff. From this judgment dismissing the action, plaintiff appeals.

*Joseph M. Wright and Reuben L. Elam for plaintiff appellant.*
*Falls, Hamrick & Hobbs by L. L. Hobbs for defendant appellees.*

PARKER, C.J.   Judge Falls erred in allowing the motion to dismiss the present action and taxing the costs against the plaintiff.
In *Hayes v. Ricard*, 251 N.C. 485, 112 S.E. 2d 123, it is said:

"The general rule is well settled that the doctrine of *res judicata*, whereby a judgment bars a subsequent action on the same cause of action, and renders the judgment conclusive on the issues adjudicated, applies only to the parties to the action in which the judgment was rendered, and the privies of such parties. *Bennett v. Holmes*, 18 N.C. 486; *Meacham v. Larus & Bros. Co.*, 212 N.C. 646, 194 S.E. 99; *Rabil v. Farris*, 213 N.C. 414, 196 S.E. 321; *Corporation Commission v. Bank*, 220 N.C. 48, 16 S.E. 2d 473; *Cannon v. Cannon*, 223 N.C. 664, 28 S.E. 2d 240; 30A Am. Jur., Judgments, Sec. 396; 50 C.J.S., Judgments, Sec. 762.

\*       \*       \*

"A former judgment of nonsuit is *res judicata* as to a second action, only when it is made to appear that the former adjudication has been on the merits of the action, and it appears to the trial court, and is found by such court as a fact, that the second action is between the same parties in the same capacity or quality, and their privies, and is based upon substantially identical allegation and substantially identical evidence, and that the merits of the second action are identically the same. *Kelly v. Kelly*, 241 N.C. 146, 84 S.E. 2d 809; *Craver v. Spaugh*, 227 N.C. 129, 41 S.E. 2d 82; *Hampton v. Spinning Co.*, 198 N.C. 235, 151 S.E. 266; 17 Am. Jur., Dismissal, Etc., p. 162; 27 C.J.S., Dismissal and Nonsuit, p. 404; 30A Am. Jur., Judgments, Section 398."

This is said in *Walker v. Story*, 256 N.C. 453, 124 S.E. 2d 113:

"Reference is made in *Hayes v. Ricard, supra*, to the well established rule that '(a) judgment rendered in an action estops the parties and their privies as to all issuable matters contained in the pleadings, including all material and relevant matters within the scope of the pleadings, which the parties, in the exercise of reasonable diligence, could and should have brought

forward.' *Bruton v. Light Co.*, 217 N.C. 1, 6 S.E. 2d 822. But this rule is applicable where, as held in *Hayes v. Ricard, supra,* the judgment in the prior action constitutes an adjudication thereof upon the merits, not to a judgment of involuntary nonsuit entered on account of the insufficiency of plaintiff's evidence. *Kelly v. Kelly, supra,* p. 150 [241 N.C. 146, 84 S.E. 2d 809].

\*       \*       \*

"Whether the judgment in the prior action is a bar to the present · action depends upon whether the evidence presented by plaintiff herein is substantially the same as that offered by plaintiff upon trial of the prior action. 'A plea of *res judicata* cannot be determined on the pleadings alone, but only after the evidence is presented.' *Hall v. Carroll*, 253 N.C. 220, 116 S.E. 2d 459; *Hayes v. Ricard, supra.*"

A judgment based on matters of practice or procedure is not a judgment on the merits. *Hayes v. Ricard, supra.*

In *United States v. California Bridge & C. Co.*, 245 U.S. 337, 62 L. Ed. 332, the Court said:

"The doctrine of estoppel by judgment, or *res judicata,* as a practical matter, proceeds upon the principle that one person shall not a second time litigate, with the same person or with another so identified in interest with such person that he represents the same legal right, precisely the same question, particular controversy, or issue which has been necessarily tried and finally determined, upon its merits, by a court of competent jurisdiction, in a judgment *in personam* in a former suit."

So far as the record before us discloses, Judge Falls heard no evidence in the former action and heard no evidence in the second action. In the present action, Cleveland Savings and Loan Association, which, according to the allegations of the complaint in the present action, holds a note executed by defendants Almond and secured by a deed of trust upon the house and lot which is the subject matter of this action, in which deed of trust B. T. Falls, Sr., now deceased, was named as trustee, and Lloyd C. Bost, administrator of the estate of B. T. Falls, Sr., trustee, deceased, have been brought in as additional parties defendant. It is manifest that there has been no adjudication on the merits. Therefore, the former judgment in the first case is not a bar to the present action, and Judge Falls erred in dismissing the present action on the ground that plaintiff is now estopped by the judgment entered in the former action to prosecute the present action.

Each party defendant in the present action filed a demurrer to the complaint in the present action, as set forth above. On motion of plaintiff, the instant action came on for hearing upon the demurrers filed by defendants at the 13 February 1967 Session of Cleveland County Superior Court. The Honorable W. K. McLean, judge presiding, entered an order overruling the demurrers and allowing defendants thirty days to file answers. According to the record before us, there was no exception taken to this order of Judge McLean.

In the Supreme Court all the defendants herein filed a demurrer *ore tenus* upon the following grounds, in substance: (1) The complaint does not state facts sufficient to constitute a cause of action against defendants Edmond D. Almond and wife, Bertha J. Almond, in that it fails to state with particularity the essential facts to constitute a cause of action for fraud, or a cause of action for undue influence, or a cause of action for mental incapacity; (2) the complaint attempts to allege an anticipatory breach of contract wherein the defendants Almond were to have possession of the land of the plaintiff in return for their promise to support her; however, no breach thereof is alleged; (3) the complaint fails to state a cause of action against the defendant Cleveland Savings and Loan Association and its trustee, since upon the face of the complaint said defendant Savings and Loan Association is the *bona fide* holder of a first lien secured by a deed of trust for purchase money on the property which is the subject matter of this action, the loan having been made to defendants Almond to furnish them purchase money and that the prayer of the plaintiff will not in any wise affect the status of this lien; (4) several causes of action have been improperly united for that the plaintiff asks to unite an alleged cause of action to rescind her deed with alleged causes of action to destroy a lien held by another defendant, and a cause of action alleging the anticipatory breach of contract between the plaintiff and the defendants Almond, which alleged causes of action are not separately stated, do not belong to one class and do not affect all parties named as defendants herein.

This is said in 1 Strong's N. C. Index 2d, Appeal and Error, § 10: "A defendant may file a demurrer *ore tenus* in the Supreme Court on the ground that the complaint, together with any amendment thereto, fails to state facts sufficient to constitute a cause of action."

On a demurrer *ore tenus* to the complaint, we take the case as made by the complaint. It is hornbook law that the office of a demurrer is to test the sufficiency of a pleading, admitting for the purpose, the truth of factual averments well stated and such relevant inferences as may be deduced therefrom, but it does not admit

any legal inferences or conclusions of law asserted by the pleader. It is also common knowledge of the Bench and the Bar that the court is required on a demurrer to construe the complaint liberally with a view to substantial justice between the parties, and every reasonable intendment is to be made in favor of the pleader. G.S. 1-151; *Bailey v. McGill*, 247 N.C. 286, 100 S.E. 2d 860, and cases cited.

Plaintiff alleges, *inter alia,* that at the time of the transaction complained of she was 70 years old, very ill, was a patient in a home for the aged, and was under the influence of heavy stimulants and drugs and therefore incapable of understanding what she was doing, all of which was well known to the defendants Almond; that said defendants Almond had gained ascendency and domination over her will through twelve years of friendship and by their persistent domination over her affairs; that they fraudulently procured her signature to a deed which she understood to be a contract in which she agreed to give defendants Almond her house and lot, which is the subject matter of this action, at her death in return for their promise to support her in her home for the rest of her life and to pay her burial expenses upon her death; and that her deed to the defendants Almond is without consideration, fraudulent and void, and should be cancelled. During the month of August, 1965, she learned that defendants Almond were attempting to sell her property and put her out of her own home. At this time she asked defendants Almond to explain, and was told by them that they had a deed for her home and had a right to sell it.

Although fraud is not alleged in all of its elements with the particularity required by our decisions, *Davis v. Davis*, 256 N.C. 468, 124 S.E. 2d 130; *New Bern v. White*, 251 N.C. 65, 110 S.E. 2d 446, and although the complaint does not allege that the plaintiff relied on any misrepresentations and was induced thereby to act to her damage, 2 Strong's N. C. Index, Fraud, § 8, yet it is our opinion, and we so hold, that construing the complaint liberally with a view to substantial justice between the parties, G.S. 1-151, in the light of the principles of law set forth in 2 Strong's N. C. Index 2d, Cancellation of Instruments, § 3, and 13 Am. Jur. 2d, Cancellation of Instruments, §§ 13, 14, 29, and 30, it contains sufficient allegations of fact tending to show undue influence on the part of defendants Almond and mental incapacity as to plaintiff. However, plaintiff has not alleged restoration of her mental capacity as required by *Davis v. Davis,* 223 N.C. 36, 25 S.E. 2d 181. The demurrer *ore tenus* filed in this Court by the defendants Almond is sustained with leave

to plaintiff to file an amended complaint, if she so desires, as to them.

The fourth ground of the demurrer *ore tenus,* to wit, improper joinder, filed in this Court by all the defendants will not be considered, for the reason that such a question cannot be raised by demurrer *ore tenus* in the Supreme Court. *Raleigh v. Hatcher,* 220 N.C. 613, 18 S.E. 2d 207; G.S. 1-127(6); G.S. 1-134. However, it appears that there has not been an improper union of several causes. G.S. 1-123(1); *Goodson v. Lehmon,* 225 N.C. 514, 35 S.E. 2d 623, 164 A.L.R. 510.

These are the only allegations in the complaint in the present action in respect to defendants Cleveland Savings and Loan Association and Lloyd C. Bost, administrator of the estate of B. T. Falls, Sr., trustee, deceased, except in the prayer for relief which asks that the deed of trust to it be set aside and declared null and void:

"XV. That on or about March 28th, 1964, the defendants, Edmond D. Almond and wife, Bertha J. Almond, executed and delivered to the defendant Cleveland Savings & Loan Association, a note in the original sum of Seven Thousand ($7,000.00) Dollars secured by a deed of trust purporting to constitute a lien on the property described above and the subject matter of this action.

"XVI. That the defendant, Bayard Thurman Falls, Sr., was named in said deed of trust as trustee; that the said Bayard Thurman Falls, Sr., trustee, died on August 28th, 1966.

"XVII. That this is an action to set aside a deed to property in which the defendants Cleveland Savings & Loan Association and Lloyd C. Bost, Administrator of Estate of Bayard Thurman Falls, Sr., have an interest and whose rights may be affected and are made parties hereto so that they may defend their rights therein."

In *Randolph v. Lewis,* 196 N.C. 51, 144 S.E. 545, the third headnote in our Reports states:

"Where a note is given by a husband and wife, and the husband procures her execution by duress, the note is voidable only, and is good in the hands of a holder in due course for value, and without notice of the duress. The distinction between duress in the procurement of the execution and duress in the execution pointed out by Adams, J."

The Court in its opinion said:

"Duress in the inducement exists where the party subjected to the duress intends to execute the contract and such intention is caused by duress. In this event the contract is voidable. 'A contract made under duress is ordinarily voidable and not void, for the consent is present, although not such a free consent as the law requires.' 13 C.J., 398, sec. 311.

"It is well settled that as between the immediate parties — here the defendant and her husband — duress in obtaining her signature to the note would be a good defense; it would likewise be a good defense against a holder with notice. The appellant does not contend that the plaintiff, the payee in the notes, had any knowledge of the alleged duress. The notes represent the price of an automobile purchased from the plaintiff and used by the defendant and her family. The authorities uniformly support the position that where the grantee in a deed or the payee in a note has neither instigated the duress, nor connived at it, nor had knowledge of it, duress by others is not ground for avoiding the contract. *Wells Fargo Bank v. Barnett* (C. C. A.), 43 A.L.R. 916; *Meyer v. Guardian Trust Co.*, 35 A.L.R. 856; *White v. Graves*, 9 A. R. (Mass.), 38; *Green v. Scranage*, 87 A. D. (Ia.), 447. This principle is embodied in our statute law. If in a conveyance of land by a husband and his wife the private examination or acknowledgment of the wife is procured by fraud or duress exercised by the husband, the conveyance is not thereby invalidated unless it is shown that the grantee participated in the fraud or duress. C.S. 1001. In the following cases the party who had instigated the duress sought to take advantage of his own wrong: *Heath v. Cobb*, 17 N.C. 187; *Meadows v. Smith*, 42 N.C. 7; *Edwards v. Bowden*, 107 N.C. 58. See *Harshaw v. Dobson*, 64 N.C. 384; *S. c.*, 67 N.C. 203. We find no error in the conclusion that upon the verdict as returned the plaintiff is entitled to judgment."

In an annotation in 4 A.L.R. 864, at 864, it is said:

"The great weight of authority is to the effect that the validity of a contract is not affected by the fact that its execution was induced by duress, practised by a stranger thereto, where such duress was not committed with the knowledge or consent of the obligee. In other words, duress exercised by a third person does not affect the rights of an obligee who does not participate therein."

The annotation cites in support of the text cases from 25 states of the United States, and England. It cites the North Carolina cases

of *Butner v. Blevins,* 125 N.C. 585, 34 S.E. 629, and *Davis v. Davis,* 146 N.C. 163, 59 S.E. 659. See to the same effect Annot. 62 A.L.R. 1477; 36 Am. Jur., Mortgages, § 93.

This is said in 59 C.J.S., Mortgages, § 234:

"Although a conveyance of land may be voidable for fraud in the hands of the original grantee, if he has given a mortgage on the premises to one advancing his money in good faith and without notice of the fraud, such claim of fraud cannot be set up against the mortgagee. The rule is otherwise if knowledge of the fraud can be brought home to the mortgagee or if the fraud practiced on the grantor was such as to make his conveyance absolutely void; and, in an action to set aside the conveyance for fraud, the burden of proof of want of such knowledge is on the mortgagee.

"*Mental incompetency.* It has been held that *bona fide* mortgagees of a grantee whose conveyance is absolutely void by reason of the grantor's insanity do not stand in the relation of *bona fide* purchasers and are not protected. It has also been held that one who accepts a note and deed of trust to secure it from an insane maker, without knowledge of such infirmity, is not protected as an innocent purchaser."

In order to render a deed void on the ground of mental incompetency, it should appear that the grantor was laboring under such a degree of mental infirmity as to make him incapable of understanding the nature of his act. 26 C.J.S., Deeds, § 54 at 721.

This is said in *Davis v. Davis,* 223 N.C. 36, 25 S.E. 2d 181:

"When the grantor in a deed brings an action to set aside and cancel his deed and alleges and offers evidence tending to prove that at the time of the execution of the deed he did not have sufficient mental capacity to make a deed or to know and understand the nature and extent of his acts, it is necessary in order to maintain the action in his own behalf to allege and prove a restoration of his mental capacity; otherwise, he is presumed to be incompetent to bring the action."

The demurrer *ore tenus* in this Court states that the Cleveland Savings and Loan Association "is the *bona fide* holder of a first lien secured by a deed of trust for purchase money on the property which is the subject matter of this action, the loan having been made to the defendants Almond and wife to furnish them purchase money." This is a speaking demurrer in this respect for such allegations of fact do not appear in the complaint. Construing the allegations in

the complaint against Cleveland Savings and Loan Association and the trustee named in its deed, and in connection with the complaint as a whole, it is manifest that in respect to alleged fraud and alleged undue influence the complaint does not allege that the Cleveland Savings and Loan Association in any way participated in or had knowledge of the alleged fraud and alleged undue influence perpetrated upon plaintiff by the defendants Almond; and, in respect to mental incompetency, even if we concede, construing the complaint liberally with a view to substantial justice between the parties, that it contains allegations sufficient to allege that the plaintiff was suffering under such a degree of infirmity as to make her incapable of understanding the nature of her act when she executed the deed to the Almonds, yet the complaint does not allege any restoration of her mental capacity. The demurrer *ore tenus* interposed in this Court by the Cleveland Savings and Loan Association and Bost is sustained with leave to plaintiff to file an amended complaint, if she so desires, as to them.

It is to be noted that Judge McLean overruled the demurrers to the present complaint filed by all the defendants in this action. We have taken this action in sustaining the demurrer *ore tenus* filed in this Court by all the defendants for the following reason: "If the cause of action, as stated by the plaintiff, is inherently bad, why permit him to proceed further in the case, for if he proves everything that he alleges he must eventually fail in the action." *Cotton Mills Co. v. Duplan Corp.*, 246 N.C. 88, 97 S.E. 2d 449; *Ice Cream Co. v. Ice Cream Co.*, 238 N.C. 317, 77 S.E. 2d 910.

It seems apparent from the record before us that the statutory procedure has not been followed to have a person appointed as substitute trustee in the deed of trust instead of B. T. Falls, Sr., deceased. G.S. 36-18.1.

The result is the judgment dismissing the action is reversed. The demurrer *ore tenus* filed in the Supreme Court by all the defendants is sustained with leave to plaintiff to file an amended complaint, if she so desires.